IN The United States District Court
Northern District Of Illinois

Alonje' Walton, Sr.
(Plaintiff,)

V.

Daniel Austin
(Defendant,)

07CV6954
JUDGE MANNING
MAG. JUDGE DENLOW
(To Be supplied By The Court)

DEC 11 2007

FILED

DEC 1 1 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Motion For Appointment of Counsel

Now comes ALONJE' Walton, Sr., (Hereinafter, Plaintiff), Pro-se AND VIA A Jail House Lawyer, Respectfully moves This Honorable court To Appoint Counsel To Represent Plaintiff In The Above entitled cause. IN support thereof, Plaintiff states As following:

I

STANDARD OF REVIEW

1). The Authority For A Circuit Court to Appoint counsel For Judgements IN civil cases IS Derived From 28 U.S.C. Section 1915 (D), See Also MA-cklin v. Freake., 650 F.2d 885, 886 (7th Cir. 1981), Also Hodge v. Police Officers, 802 F.2d 58, 60 (2nd Cir. 1986). The circuit Court HAS Broad Discretion IN Determining Either To Appoint Counsel, "IS TO BE Guided BY Sound Legal Principals".

IN civil Rights complaint/litigations, counsel must Be Appointed For qualified Indigents when A Hearing IS Required Or when The Court Deems Appointment Is Deem Necessary IN The Interest Of Justice.

In Macklin, 650 F.2d, at 887-89, the Seventh Circuit set out a non exhaustive list of five factors to consider when deciding a motion for the appointment of counsel: 1). The merits of plaintiff's claims; 2). Whether plaintiff can investigate crucial facts; 3). whether the trained counsel will better expose the truth; 4). The plaintiff's ability to present the case; and 5). The complexity of the relevant legal issues; more recently however the Seventh Circuit stated that the necessary inquiry is simpler than the multifactorial approach used in Macklin. Farmer v. Hass, 990 F.2d. 319, 322 (7th Cir.) cert. denied 510 U.S. 963 (1993).

The Farmer Court determined that the necessary inquiry is whether the plaintiff appears to be competent to try the case himself and if not would the presence of counsel [make] a difference in the outcome? Id. see also Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995).

Appointment of counsel is, therefore, appropriate if the difficulty of the issues relevent to the capabilities of the litigant would make it impossible for him to obtain any sort of justice without the aid of counsel, and he could not obtain a lawyer on his own. Farmer, 990 F.2d. 322; Jackson v. County of McLean, 953 F.2d. 1070, 72-73 (7th Cir. 1992).

Plaintiff has no legal skills or knowledge with which he could meaningfully prosecute this cause on his own, the factual and legal issues involved in this case are complex, especially in

Light of Plaintiff Limited legal Education.

The claims advanced by plaintiff in connection with the above entitled cause is meritorious and definately requires the skills and knowledge of a trained professional to effectively prosecute the claim before this Honorable court.

Certainly, the ends of justice would best be served in this case where both sides were represented by counsel rained in the area's of law, so as to bring to bare the skills and knowledge that would render these proceedings a reliable testing process.

WHEREFORE, Plaintiff Alonje' Walton, Sr., respectfully request this Honorable Court to enter an order appointing counsel to represent the Plaintiff.

DATE: November 30, 2007

Respectfully submitted;

Alonzi Walton Sr.

ALONJE' Walton, Sr.
ID.# K-82099
P.O. Box 999
Pinckneyville, IL. 62274

IN The United States District Court
Northern District Of Illinois

Alonje' Walton, Sr.
(Plaintiff,)

v.

CASE No. ____________
(TO BE Supplied by the Court)

DANIEL AUSTIN
(Respondent,)

PROOF/CERTIFICATE OF Service

TO: Michael W. Dobbins
Clerk Of The U.S. District Court
Prisoner Correspondence Office
219 S. Dearborn Street
Chicago, IL. 60604

From: Alonje' Walton, Sr.
P.O. Box 999
Pinckneyville, IL. 62274

Please TAKE NOTICE That ON December 03, 2007, I have placed The Documents listed Below IN The Institutional mail At Pinckneyville IL., properly Addressed to the parties listed Above For mailing through the United States Postal Service: Informus Pauperis Application, motion For Appointment of Counsel, Petition For writ Of Habeas Corpus -- Person IN State Custody - Exhibits.

Pursuant To 28 USC 1746, 18 USC 1621 OR 735 ILCS 5/109, I Declare, Under Penalty of Perjury, that I Am A Named party In the Above Action, that I have read the Above Documents, AND that the Information contained therein IS True and correct to the best Of my Knowledge.

DATE: November 30, 2007

/s/ Alonje Walton Sr.

Name: Alonje' Walton Sr.
IDOC#: K82099
Pinckneyville Correctional Center
P.O. Box 999
Pinckneyville, IL. 62274