## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | BLANCHE M. MANNING | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6954 | **DATE** | December 19, 2007 |
| **CASE TITLE** | U.S. ex rel. Alonje Walton Sr. (#K-82099) vs. Warden Daniel Austin | | |

**DOCKET ENTRY TEXT:**

The petitioner's motion to proceed *in forma pauperis* [#3] is granted. However, the petitioner is ordered to show good cause in writing why his petition should not be stayed or dismissed for failure to exhaust state court remedies prior to seeking federal habeas relief. Failure to show cause within twenty-one days of the date of this order will result in summary dismissal of the petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

■ [**For further details see text below.**]                                                                 Docketing to mail notices.

### STATEMENT

  Alonje Walton, a state prisoner, brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges his convictions for aggravated criminal sexual assault and kidnapping on the grounds that: (1) there is newly discovered, exculpatory evidence; (2) he was arrested without a warrant or probable cause; (3) the police conducted an illegal search and seizure in uncovering evidence against him; and (4) the petitioner's defense counsel was ineffective.

  The petitioner having shown that he is indigent, his motion for leave to proceed *in forma pauperis* is granted. However, the petitioner is ordered to show good cause in writing why the petition should not be stayed or summarily dismissed for failure to exhaust state court remedies prior to filing suit.

  As the court previously advised the petitioner, an inmate who seeks to challenge a state conviction under 28 U.S.C. § 2254 must first exhaust his state court remedies as to all his claims. *See Rose v. Lundy*, 455 U.S. 509 (1982); *see also Walton v. Sheahan*, Case No. 06 C 0422 (N.D. Ill.), Minute Order of April 7, 2006 (Manning, J.). Here, the petitioner admits that his recent conviction is pending appeal before the Illinois Appellate Court. If the petitioner has failed to exhaust available state court remedies, his federal habeas petition is not ripe for review. *See, e.g., United States ex rel. Bailey v. Riker*, No. 07 C 1759, 2007 WL 2410117, at *1-2 (N.D. Ill. Aug. 15, 2007) (Gottschall, J.); *United States ex rel. Rico v. Hinsley*, No. 04 C 5081, 2007 WL 2225903, at *4 (N.D. Ill. Aug. 1, 2007) (Pallmeyer, J.).

mjm

**STATEMENT (continued)**

    For the foregoing reasons, the petitioner is ordered to show good cause in writing why the petition should not be stayed or dismissed for failure to exhaust state court remedies prior to seeking federal habeas review. Failure to demonstrate exhaustion within twenty-one days of the date of this order will result in summary dismissal of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases.