**FILED**

**DECEMBER 19, 2007**

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

RECEIVED

DEC 11 2007 *aew*

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DEC 11 2007

**07CV6954**

**JUDGE MANNING**

**MAG. JUDGE DENLOW**

**CDY**

United States of America ex rel.

Alonje Walton, Sr.
(Full name and prison number)
(Include name under which convicted)

PETITIONER

vs.

Daniel Austin
(Warden, Superintendent, or authorized
person having custody of petitioner)

RESPONDENT, and

**(Fill in the following blank only if judgment
attacked imposes a sentence to commence
in the future)**

ATTORNEY GENERAL OF THE STATE OF

Case Number of State Court Conviction:

03 CR-22081 01

(State where judgment entered)

### PETITION FOR WRIT OF HABEAS CORPUS -- PERSON IN STATE CUSTODY

1. Name and location of court where conviction entered: Cook County Criminal Courts Building, 2600 S. California, Chicago, IL. 60608

2. Date of judgment of conviction: October 19, 2006

3. Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known) Count (1) Aggr. crim. Sexual Assault/weap., count (2) Kidnaping/Arme.

4. Sentence(s) imposed: 15 yrs.

5. What was your plea? (Check one)  (A) Not guilty ( ✓ )
   (B) Guilty ( )
   (C) Nolo contendere ( )

If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:

N/A

## PART I -- TRIAL AND DIRECT REVIEW

1. Kind of trial: (Check one):    Jury ( )        Judge only (✓)

2. Did you testify at trial?    YES ( )        NO    (✓)

3. Did you appeal from the conviction or the sentence imposed? YES (✓) NO ( )

    (A) If you appealed, give the

        (1) Name of court:    Appellate Court - First District

        (2) Result:    Still Pending

        (3) Date of ruling:    N/A

        (4) Issues raised:    Appointed Counselor by court raising Issues

    See Exhibit "A"

    (B) If you did not appeal, explain briefly why not:

    N/A

4. Did you appeal, or seek leave to appeal, to the highest state court? YES ( ) NO (✓)

    (A) If yes, give the

        (1) Result    N/A

        (2) Date of ruling:    N/A

        (3) Issues raised:    N/A

    (B) If no, why not: Appellate Court Appeal Still Pending

5. Did you petition the United States Supreme Court for a writ of *certiorari*?  Yes ( )  No (✓)

    If yes, give (A) date of petition:    N/A    (B) date *certiorari* was denied:    N/A

## PART II — COLLATERAL PROCEEDINGS

1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

YES ( )   NO (✓)

    With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

    A.  Name of court: _____ N/A _____

    B.  Date of filing: _____ N/A _____

    C.  Issues raised: _____ N/A _____

    _____

    _____

    D.  Did you receive an evidentiary hearing on your petition?    YES ( )   NO (✓)

    E.  What was the court's ruling? _____ N/A _____

    F.  Date of court's ruling: _____ N/A _____

    G.  Did you appeal from the ruling on your petition?    YES ( )   NO ( ) N/A

    H.  (a) If yes,    (1) what was the result? _____ N/A _____

                     (2) date of decision: _____ N/A _____

        (b) If no, explain briefly why not: _____ N/A _____

    I.  Did you appeal, or seek leave to appeal this decision to the highest state court?

        YES ( ) NO ( )   N/A

        (a) If yes,    (1) what was the result? _____ N/A _____

                      (2) date of decision: _____ N/A _____

        (b) If no, explain briefly why not: _____ N/A _____

2. With respect to this conviction or sentence, have you filed a petition in a **state court** using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus?   YES ( ✓ )    NO ( )

   A. If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

      1.  Nature of proceeding    STATE HABEAS CORPUS

      2.  Date petition filed    Aug. 30, 2007

      3.  Ruling on the petition    ~~Still Pending~~ Denied    SEE EXHIBIT

      3.  Date of ruling    ~~Still Pending~~ 11/9/07    "A(2) "

      4.  If you appealed, what was    filed  12/03/07
         the ruling on appeal?    ~~filed~~ Appeal

      5.  Date of ruling on appeal    N/A

      6.  If there was a further appeal,
         what was the ruling ?    N/A

      7.  Date of ruling on appeal    N/A

3. With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in **federal court**?    YES ( ✓ )  NO ( )

   A.  If yes, give name of court, case title and case number: In The United States District Court Northern District Of Illinois Eastern Division - Alonje' Walton Sr. vs. Supt. McGuire - 06 C 0422

   B.  Did the court rule on your petition?  If so, state

      (1) Ruling:    ~~~~ WAS Dismissed Due To Not Filing In state Court

      (2) Date:    ~~~~ ? Forgot

**4. WITH RESPECT TO THIS CONVICTION OR SENTENCE, ARE THERE LEGAL PROCEEDINGS PENDING IN ANY COURT, OTHER THAN THIS PETITION?**

**YES** ( ✓ ) **NO** ( )

If yes, explain: There is A Pending litigation In Federal court case Title WAL-TON V. City Of Chicago, Et. Al., Case No. 04 C 7718, - Unlawful Arrest, Unreasonable Search and Seizure et. Al.,

**PART III -- PETITIONER'S CLAIMS**

1. State briefly every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. You may attach additional pages stating additional grounds and supporting facts. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

**BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.**

(A) Ground one _OF NEWLY DISCOVERED EVIDENCE_
Supporting facts (tell your story briefly without citing cases or law):

That The Asst. STATES Attorney PAUL CHEVLIN, DENIED Petitioner Fair Trial By Suppressing Exculpatory Evidence AND CONTRIVED INCULPATORY EVIDENCE. (BY Altering Forensic Documents By The Illinois State Police Crime Lab). The Prosecutor failed TO Turn over Exculpatory Evidence That would have likely TO support MY INNOCENCE. He Knowingly witheld This INformation IN violation OF BRADY. Which violate Petitioner DUE Process Right As GUARANTEED BY The Fourteenth (14th) Amendment. The Evidence That was SUPPRESSED *** CONTINUE —
——> NEXT Page ————————>

(B) Ground two _THAT The Arrest without A Valid Arrest warrant violated Pet-_
Supporting facts: _ITioner Fourth (4th) AND Fourteenth (14th) Amendment Rights._
Which was without Probable cause, AND without Advising Petitioner OF His mirinda Rights, AND STATED That The BASIC OF The DEFENDANT Arrest was BASED ON CODIS DNA Testing as "Hit #111," (for The crime OF Aggr. criminal Sexual Assault, which Allegedly had occurred Jan. 28, 1997.) BY The Illinois State Police (ISP) crime LAB AND CHARACTERIZED AS A match TO The Biological material. Which Petitioner Did Not Have A "Full AND Fair Hearing," ON The motion TO QUASH Arrest DATED August 18, 2004, CHAllenging The Arrest. Petitioner Trial Lawyer failed TO INform The court That The Arrest from The Area 1 mission TEAM was misleading were Det. Anthony Flowers TOld Petitioner AT His Resident At 6730 S. Paulina, 2ND Fl. Rear; THAT WE NEED FOR You Alonje' Walton, To come DOWN TO The Police STATion AT 51OO st. Wentworth, Because, "WE Are Picking up All Sex Offenders TO get DNA from THem, AND We Will Bring You BACK Home After You Get Through." (EMPHISIS ADDED) You Are Not IN Any Trouble, So you Don't HAVE To worry About Anything. BUT Det. Anthony Flowers Gave Perjury Testimony About The Arrest THAT; He WAS Given A mission BY Det. EDWARD Farley, To Go To 6730 S. Paulina AND Pick up AN Individual BY The Name OF Alonje' Walton, AND That mr. Walton IS A Registered Sex offender,

*** CONTINUED Next Page——————>

(C)  Ground three  Chicago Police violated Petitioner Fourth. (4th), AND Fourteenth (14th)
Supporting facts: Amendment Rights, when THEY retrieved AN Illegal Buccal swAb sample AND convicted Petitioner, without a valid Search warrant. Petitioner Sixth (6th) Amendment Rights was also violated when he was Taken Into police custody AND INTERROGATED, AND when Police Denied his Requests To consult A lawyer, AND Failed To Inform Him of His Rights To remain silent. Petitioner Trial Lawyer Never ARGUED NOR PRODUCED The Police OFFICERS Street Files That contained Petitioner Request For counsel which was Never Produced ON any motion Hearing, or AT Trial which Denied Petitioner Fair trial. (SEE Exhibit "C") * CONT. ——>

(D)  Ground four  Petitioner Trial Lawyer Jeffrey J. Neslund INTENTionally violated
Supporting facts: Petitioner Fifth (5th), Sixth (6th), and Fourteenth (14th) Amendment Right to Effective Assistance of counsel, and Deprived plaintiff OF Fair Trial. DUE TO Petitioner INEFFective Assistance of counsel, Petitioner DID NOT Have A "Full AND Fair Hearing", ON The motion TO Dismiss Indictment, AND ON The motion To quash Arrest DATED August 18, 2004, challenging The Arrest AND THE ISSUE OF The Illegal Search AND Seizure OF The Buccal Swab Suppression motion. Where The Police violated Petitioner Fourth (4th), Fifth (5th), Sixth (6th), AND Fourteenth (14th) Amendment Rights. Where Petitioner Trial Lawyer WAS INEFFective Assistance Of counsel For Not Informing The court The Basic *** CONT. ——>

2   Have all grounds raised in this petition been presented to the highest court having jurisdiction?
YES ( )   NO (✓)

3.  If you answered "NO" to question (16), state briefly what grounds were not so presented and why not:
THE Appeals court HAS Yet TO HEAR Petitioner APPEAL.

* CONTINUE From Pg. 5 (A) Ground ONE : was The Results OF Larry Johnson DNA Test Result Which was Suppressed AND CONTRIVED INCulpatory Evidence With Petitioner Name, From All LABORATORY DNA Reports Which INCLUDED Petitioner Name, Which Also WAS Suppressed BY The State. Where The Process OF The INDictment APPEARS TO HAVE BeeN OBTAINED BY FALSE PretenSE OR BRibery. Which AllegeD That The BASIC OF The Arrest That R/O leamED OF A CODIS DNA Hit, REFerreD TO AS Hit #111, BY The ISP. The INFormation stateD The DNA Profile OF AlanTe' Walton, matcHED The DNA Profile OBTAINED From A Vaginal Swab contained IN A CSA Kit OBTAINED From The Victim LADONNA Beck. Which Petitioner was DeNiED FAIR TRIAl BY The STATE suppressing exculpatory EViDeNce, AND conTIVED INCulpatory EVIDENCE. (See Exhibits "B")

* CONTINUE From Pg. 5 (B) Ground TWO : AND His DNA Came BACK Positive AS A Person Who HAD committeD A Criminal Sexual Assault.

The Fourth (4th) Amendment constitutional Guaranteed : THE Right of Person TO Be SecureD IN Their Homes AND Property From unreasonable Searches AND Seizures and consisting of The Following elements: (1). THE ISSUANCE OF A warrant upon oath OR AFFirmation. (2) UPON Probable CAUSE, AS DeTermineD BY A NEAUTrAl AND DETACHED magistrate; AND (3). ParTicularly Describing The Place TO Be searched AND The ITems or Persons TO Be seizeD.

FOURTEENTH (14th) Amendment GUARANTEED: Nor SHALL ANY STATE DEPrive Any Persons OF Life, LiberTY, OR Property, with-out Due Process OF law; Nor DENY TO ANY Person within it's Jurisdiction The Equal Protection of the laws.

* CONTINUE From Pg. 6 (C) Ground THREE: A). The Fourth (4th) Amendment constituTional GUARANTEED: The Right OF Person To Be secured IN Their Homes and Property From unreasonable Searches AND Seizures and consisting OF The Following elements: (3). ParTicularly Describing The Place To Be Searched AND The ITEMS OR Person TO BE Seized.

(B). Fourteenth (14th) Amendment GUARANTEED: NOR SHALL ANY STATE DEPrive ANY Person OR Person(s) OF Life, Liberty, OR Property, with-out DUE Process OF law; Nor DENY TO ANY Person within It's Jurisdiction The Equal Protection OF The laws.

* CONTINUE From Pg. 6 (D) Ground Four: moods OF The Police Officer Arrest OF Petitioner. Where The Area & mission Team was misleading where Det. Anthony Flowers, TOLD Petitioner AT 6730 S. Paulina, 2ND Fl. Rear; THAT we need for you About" Walter, TO Come Down TO The Police Station AT 5100 St. Wentworth, Because" We Are Picking UP All Sex OFFENDERS To get DNA From THEM, AND We will Bring you BACK Home AFTER you get Through. You Are NOT IN ANY Trouble, So you DON'T HAVE TO worry About Anything. (EMPHASIS ADDED) MR. Neslund

Reply For Not Introducing This Into Evidence Was That Petitioner Was JUST Tricked IN Going To The Police Station, AND it would Not Help me. (SEE Exhibit "D")

Petitioner Also Did Not HAVE A "Full AND Fair Hearing," ON The ISSUE OF How The Police Retrieve The Illegal Buccal swab, AND BY counsel INEFFective Assistance OF counsel, such illegality WAS INTRODUCED INTO EVIDENCE That convicted The Petitioner, AND COUNSEL DID NOT INForm The court How Petitioner Requested counsel AND WAS DENIED, AND How The Police DID NOT ADVISED Petitioner of His MARANDA Rights, AND That He could Refuse The BUCCAL swab, AND get A Court ORDER. Which Also Violated Petitioner 4th, 5th, 6th, AND 14th Amendment Right TO our STATE AND FEDERAL Constitution. (See Exhibit "D")

Petitioner Trial Lawyer INEFFective Assistance OF counsel violated Petitioner 5th, 6th, 14th Amendment Right, For Not litigated The ISSUE AT The motion To Dismiss INDictment, AND ON The motion Two QUASH Arrest Hearing. That THE Prosecutor SUPPRESSED EXCULPATORY EVIDENCE AND contrived INCULPATORY EVIDENCE.

Petitioner Trial Lawyer INEFFective Assistance OF counsel Holding That The victim's IN-Court IDENTIFICATION OF Petitioner LACKED sufficient INDEPENDENT Reliability TO Be ADmissible, That Petitioner counsel WAS INEFFective For failing TO OBJECT TO Its Admission. Counsel TOLD Petitioner That

The victim LADONNA Beck had A Probation Warrant Against Her.

Petitioner Trial Lawyer Ineffective Assistance Of Counsel For Not Raising An Objection To The State's Insufficient Evidence.

Petitioner Trial Lawyer violated Petitioner 5th, 6th, AND 14th Amendment Right To A Fair Trial by Failing To Properly Investigate AND Test The DNA Evidence, BUT INSTEAD OF-Fered A Stipulation TO The Introduction OF The State's Evi-Dence. (see Exhibit "E")

BY counsel INEFFECTIVE Assistance OF counsel BY Failing To Properly Investigate The Test Procedures. BEFore Hiring me. Neslund, THE Public Defender OFFICE DAVID DUNN, SUBPOENAS DU-CUS TECUM AND/OR For IN cAmerA INSpection AND Protect-ive Order, AND BY JEFFrey J. Neslund Ineffectiveness OF coun-Sel DID Not Inform The court In #5 Pg.3 OF The SUBPOENA That DEFendant's mischaracterization OF A Hit That Simply CANNot Be Excluded AS A "FAlse DNA DAtabase match", WH-Ere The Police AND The State Stated IN THERE reports THAT : R/O LEArNED OF A CODis DNA Hit, REFered To AS Hit #111, BY The ISP. The INFormation Stated The DNA Profile OF AlonTe'WAlton mATCHED The DNA Profile OBTAINED from A VaginAl Swab contained IN A CSA Kit OBTAINED from The Victim, LADONNA Beck. (See Exhibit "E")

Petitioner WAS Also DENIED FAir TriAl BY COUNSel INEFFECT-
iveNess.Assistance OF counsel, By where The Illegal Buccal
SWAb REport DATED march 11, 2004, Were circle STATED:
Please see The LABORAtory Report By Forensic ScIENTIST
mary margaret Greer-Ritzheimer DATED August 8, 2000,
For Results OF Previous DNA ANAlysis. BUT Such Documents
BY The ISP OF August 8, 2000, HAS BEEN SUPPRESSED
BY The STATE Disclosing such INFormation To clear Peti-
Tion, AND OTHEr ISP Documents Have Also Been SUPP-
Ress SUch As LAB Reports OF June 19, 2000, August 8,
2000, SEPTEMBEr 14, 2000. BY Such ISP LAB Reports Been
SUPPRESSED Petitioner Was DENIED His 4th, 5th, 6th, AND
14th Amendment Right AND WAS convicted, AND IN
violation OF His 8th Amendment Right OF CRUEl AND Un-
usual PUNishment. (See Exhibit "B")


Petitioner Trial Lawyer WAS INEFFECtive Assistance OF
counsel AND violation OF Petitioner 6th Amendment Ri-
GHT AT His BENCH Trial For Not Properly Raising Any OB-
Jections To The INTRODUCTion OF DNA EVIDENCE, FAiling
To RAise ORJECTions To The Testimony OF The State Witnesses,
FAiling To RAise ORJECTion To The State IN-Court IDenti-
Fication, AND FAilingTo RAise ORJECTion To The State SUPP-
Ression ExculPAtory EVIDENCE AND CONTived InculPAtory
EVIDENCE.


DUE TO JEFFrey NeslUND INEFFECtive Assistance OF

counsel His PerFormance AND His violation of It, fail be-
low The STANDARD OF Strickland v. WASHINGTON, 466
U.S. 668, 104 S. CT. 2052. MR. Neslund PreJUDICE AND
DENIED Petitioner His Sixth (6th) Amendment Right TO
Effective Assistant OF counsel AND Fair Trial. IF IT
wasn't For His Ineffectiveness Assistant OF counsel, Pro-
BABILITY THAT The outcome OF Petitioner Trial would
HAVE Been DIFFERENT.

(E) Ground FIVE:

PEOPLE OF THE STATE OF ILLINOIS )    CASE NUMBER   03CR2208101
                 V.                  )    DATE OF BIRTH  10/18/72        *Exhibit*
ALONJE      WALTON                   )    DATE OF ARREST 09/18/03
Defendant                              IR NUMBER 0935508   SID NUMBER 02972342011*A11*

## ORDER OF COMMITMENT AND SENTENCE TO
## ILLINOIS DEPARTMENT OF CORRECTIONS
===================================

The above named defendant having been adjudged guilty of the offense(s) enumerated below is hereby sentenced to the Illinois Department of Corrections as follows:

| Count | Statutory Citation | Offense | Sentence | | Class |
|-------|-------------------|---------|----------|--|-------|
| 001 | 720-5/12-14(A)(1) | AGG CRIM SEX ASSAULT/WEAP | YRS. 010 | MOS. 00 | X |
| | and said sentence shall run consecutive to count(s)   005 | | | | |
| 005 | 720-5/10-2(A)(5) | AGGRAVATED KIDNAPING/ARME | YRS. 005 | MOS. 00 | 1 |
| | and said sentence shall run concurrent with count(s) | | | | |
| | and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on: | | YRS. | MOS. | |
| | and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on: | | YRS. | MOS. | |
| | and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on: | | YRS. | MOS. | |

On Count 001  defendant having been convicted of a class  X  offense is sentenced as a class x offender pursuant TO 730 ILCS 5/5-5-3(C)(8).

On Count ___ defendant is sentenced to an extended term pursuant to 730 ILCS 5/5-8-2.

The Court finds that the defendant is entitled to receive credit for time actually served in custody for a total credit of 1069 days as of the date of this order

IT IS FURTHER ORDERED that the above sentence(s) be concurrent with the sentence imposed in case number(s) _____
AND: consecutive to the sentence imposed under case number(s)

_____

IT IS FURTHER ORDERED THAT CT. 2 MERGE INTO CT. 1 AND CT. 6 MERGE INTO CT. 5 _____

_____

IT IS FURTHER ORDERED that the Clerk provide the Sheriff of Cook County with a copy of this Order and that the Sheriff take the defendant into custody and deliver him/her to the Illinois Department of Corrections and that the Department take him/her into custody and confine him/her in a manner provided by law until the above sentence is fulfilled.

DATED ___OCTOBER 19, 2006___          ENTER: 10/19/06

CERTIFIED BY  L WORDLAW
              DEPUTY CLERK
GCPP 10/19/06 10:57:46                 JUDGE: EGAN, JAMES P.      1522

                                                        CCG N305

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS     Page 014

PEOPLE OF THE STATE OF ILLINOIS

                 VS              NUMBER 03CR2208101   Exhibit
                                                      "A(2)"
ALONJE     WALTON

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

   I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
07/13/07 O/C FREE REPT OF PROCD ORD N/C      00/00/00
07/17/07 COMMON LAW RECORD PREPARED          00/00/00 07-1922
       TWO VOLUMES CLR
07/17/07 APPELLATE COURT NUMBER ASGND        00/00/00 07-1922
07/24/07 CLR RECD BY APP COUNSEL             00/00/00 07-1922
       STATE APPELLATE DEFENDER - TWO VOLUMES
08/07/07 REPT OF PRCDS ORD FR CRT RPT        00/00/00
09/07/07 SPECIAL ORDER                       00/00/00 F      2
       APPT OF COUNSEL.
09/07/07 MOTION FOR WRIT OF HABEAS CORP      00/00/00 F      2
09/07/07 HEARING DATE ASSIGNED               09/12/07 1707
09/12/07 CONTINUANCE BY ORDER OF COURT       09/26/07
       HIGGINS-GRANT ROSEMARY
09/18/07 SUPPLEMENTAL CLR PREPARED           00/00/00 07-1922
       ONE VOLUME
09/24/07 SUPPL REC RECD BY APPL COUNSEL      00/00/00 07-1922
       STATE APPELLATE DEFENDER - ONE VOLUME
09/26/07 DEFENDANT NOT IN COURT              00/00/00
       BROSNAHAN, MARY MARGARET
09/26/07 CONTINUANCE BY ORDER OF COURT       10/24/07
       BROSNAHAN, MARY MARGARET
09/26/07 SUPPLEMENTAL CLR PREPARED           00/00/00 07-1922
       ONE VOLUME SUPPLEMENTAL OF CERTAIN DOCUMENTS
10/02/07 SUPPL REC RECD BY APPL COUNSEL      00/00/00 07-1922
       STATE APPELLATE DEFENDER - ONE VOLUME

                    I hereby certify that the foregoing has
                    been entered of record on the above
                    captioned case.
                    Date 10/17/07

                    _____
                         DOROTHY BROWN
              CLERK OF THE CIRCUIT COURT OF COOK COUNTY

*IK DR 3258*   *Exhibit "B"*

# FAX TRANSMISSION

TO:     Forensic Services Division
        Evidence Evaluation Section
        Fax (312) 747-9623

ATTN:   Lorri Lewis, Criminalist III

FROM:   Unit 610, Det. _SCANLON 20922_
        Office (312) 747-8380        _MORGAN 20891_
        Fax (312) 747-5881

SUBJECT: Sexual Assault Kits

RE:     RD# _B 059955_

        Check One Only:

        _____ Please send the kit to ERPS
               Reasons:_____
                       _____
                       _____
                       _____

        _X_ Please send the kit to the State Crime lab for DNA
            Testing.  The Evidence Submission Form has been
            completed, faxed, and mailed.

100-11779
④

LK DX

# EVIDENCE SUBMISSION FORM

| | | | | |
|---|---|---|---|---|
| RD NUMBER: | B059955 | DATE SUBMITTED: 08MAR00 | SUBMITTING OFF./DET.: | Det. J. Scanlon 20922 |
| INVENTORY #: | 1742600 | | CONTACT OFF./DET.: | Det. C. Morgan 20841 |
| VICTIM NAME: | BECK, Ladonna | | PHONE / FAX NUMBER: | 312-747-8380  1115 |

INSTRUCTIONS:
*PLEASE KEEP ITEMS TO BE EXAMINED BY DIFFERENT SECTIONS ON A SEPARATE INVENTORY, IF POSSIBLE.
*PLEASE LIST LINE ITEM #(S) NEXT TO THE SECTION(S) YOU ARE REQUESTING.
*BE SURE TO ENTER ALL INFORMATION REQUIRED BY THE SECTIONS.

DISTRICT / AREA: 610

| SECTION | LINE ITEM #(S) | SECTION INSTRUCTIONS |
|---|---|---|
| DRUG CHEMISTRY | | LIST LINE ITEMS THAT ARE *POSSESSION*:          LIST LINE ITEMS THAT ARE *DELIVERY*: |
| TRACE CHEMISTRY | | SUBMIT ONLY THE EVIDENCE THAT NEEDS TO BE EXAMINED. PACKAGE ITEMS SEPARATELY. RENDER EXPLOSIVES HARMLESS. SEPARATE OUT FLAMMABLE LIQUIDS AND SUBMIT IN SMALL VIAL. PUT EVIDENCE TO BE CHECKED FOR FLAMMABLES AND LACHRYMATORS IN CANS. SUBMIT CRIME SCENE AND CASE REPORTS. |
| MICROSCOPY | | APPROPRIATE STANDARDS (50 PULLED HEAD AND 25 PULLED PUBIC HAIRS) FROM ALL SUSPECT(S) AND VICTIM(S) MUST BE SUBMITTED TO CONDUCT COMPARISONS. SUBMIT CRIME SCENE AND CASE REPORTS. |
| FORENSIC BIOLOGY | x | IN SEXUAL ASSAULTS, INDICATE OTHER RELATED ROWS IF A PATTERN IS SUSPECTED. SUBMIT CRIME SCENE AND CASE REPORTS. |
| DNA | x | SUBMIT BLOOD STANDARDS FROM SUSPECT(S) AND VICTIM(S). INCLUDE SEX, RACE AND D.O.B. INFORMATION. SUBMIT CRIME SCENE AND CASE REPORTS. |
| FIREARMS | | CASE AND CRIME SCENE REPORTS IF LATENT PRINTS IS REQUESTED, PACKAGE SHOULD BE MARKED EXTERNALLY. POLICE OFFICER WEAPONS SHOULD ALSO BE MARKED. |
| TOOLMARKS | | REQUEST SPECIFICALLY WHAT IS TO BE COMPARED. |
| LATENT PRINTS | | AFIS: YES/NO ELIMINATION PRINTS SUBMITTED: YES/NO IF NO, PLEASE EXPLAIN IN REMARKS. PLEASE LIST SUSPECTS IN REMARKS INCLUDING: SID#, SEX, RACE, D.O.B. |
| DOCUMENTS | | KNOWN STANDARDS ARE REQUIRED TO DO A COMPARISON. ARE THE STANDARDS WRITTEN WITH THE RIGHT OR LEFT HAND? ENCLOSE ALL EVIDENCE IN CLEAR PLASTIC COVERS. DO NOT STAPLE THRU OR MARK ON ANY DOCUMENTS AND SUBMIT ORIGINALS WHENEVER POSSIBLE. |

REMARKS:     The reporting detective requests that all swabs be worked up for semen. If the results are positive, the reporting detective requests that the evidence be processed for the DNA profile of the offender. If an offender DNA profile is isolated, the reporting detective requests that the evidence be compared with existing cases in the ISP Database and CODIS for possible offender identification and/or linking with other cases. PLEASE ANALYZE AND COMPARE AGAINST THE DNA OF LARRY JOHNSON IR#140069.

*A previously submitted buccal swab from Mr. JOHNSON has tested positive in 10 other ISP cases.

PLEASE CIRCLE ANY KNOWN RISKS TO LABORATORY PERSONNEL:

| BIOHAZARD | FIREARM | FLAMMABLE | OTHER |
|---|---|---|---|

REQUEST DISCUSSED WITH ISP LABORATORY SUPERVISOR/ANALYST

SECTION _____  DATE _____  TELEPHONE _____

FAX:      CRIMINALISTICS:  (312) 433-8048          CHEMISTRY:  (312) 433-8043
             ADMINISTRATION: (312) 433-8040          BIOCHEMISTRY: (312) 433-8044

* DETECTIVES REQUESTING ANALYSIS OF CSA KIT SEND ORIGINAL REQUEST TO CPD LAB AND FAX A SECOND COPY TO THE BIOCHEMISTRY SECTION.

(REV MAY 1997)

IL 493-1257

ISP 6-634 (5/97)

# ILLINOIS STATE POLICE
### Division of Forensic Services
### Forensic Science Center at Chicago
1941 West Roosevelt
Chicago, Illinois 60608-1229
(312) 433-8000 (Voice) * 1-(800) 255-3323 (TDD)    NO FF

*Exhibit "B"*

**George H. Ryan**
*Governor*

June 19, 2000

**Sam W. Nolen**
*Director*

DET. C. MORGAN #20841
CHICAGO POLICE DEPARTMENT UNIT 610
DETECTIVE DIVISION, AREA 1
5101 SOUTH WENTWORTH
CHICAGO IL 60609

*Important*

Laboratory Case #C00-011779
RD #B0059955

**FILE COPY**

OFFENSE:  Sexual Assault
VICTIM:  Ladonna Beck

The following evidence was received by the Forensic Science Center at Chicago on March 10, 2000:
Inventory# 1742600

| EXHIBIT | DESCRIPTION | FINDINGS |
|---|---|---|
| 1 | Sexual assault evidence collection kit from Ladonna Beck containing: | |
| 1A | Blood standard | Preserved. |
| 1B | Vaginal swabs | Semen identified. |
| 1C | Oral swabs | No semen identified. |
| 1D | Rectal swabs | Semen identified. |
| 1E | Head hair combings | Not examined. |
| 1F | Pubic hair combings | Not examined. |
| 1G | Fingernail scrapings | Not examined. |
| 1H | Miscellaneous/ Debris Collection reportedly containing "underwear" | Not examined. |

**REQUESTS:**
If during the course of your investigation a suspect is developed, please submit a known blood standard for comparison with the semen identified on the evidence.

No examination of Exhibits 1E-1H was performed at this time. If, at a later date, it is determined that the value of this evidence can significantly aid the case, please advise.

If you have in your possession additional evidence that may be of significant value in this case, please advise.



# ILLINOIS STATE POLICE
### Division of Forensic Services
Forensic Science Center at Chicago
1941 West Roosevelt
Chicago, Illinois 60608-1229
(312) 433-8000 (Voice) * 1-(800) 255-3323 (TDD)

George H. Ryan
*Governor*

August 8, 2000

Sam W. Nolen
*Director*

DET. C. MORGAN & DET. J. SCANLON
CHICAGO POLICE DEPARTMENT UNIT 610
DETECTIVE DIVISION, AREA 1
5101 SOUTH WENTWORTH
CHICAGO IL 60609

Laboratory Case #C00-011779
RD #B0059955

OFFENSE: Sexual Assault
VICTIM: Ladonna Beck

The following evidence was received by the Forensic Science Center at Chicago on March 10, 2000:
Inventory# 1742600

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| 1A1 | Blood standard: Ladonna Beck |
| 1B1 | Vaginal swabs |
| 1D1 | Rectal swabs |

**RESULTS**

DNA from Exhibits 1A1 and 1B1 was amplified using the Polymerase Chain Reaction (PCR) and profiled at the following loci: D3S1358, vWA, FGA, D8S1179, D21S11, D18S51, D5S818, D13S317, D7S820, D16S539, TH01, TPOX, CSF1PO and Amelogenin.

DNA from Exhibit 1D1 was amplified using the Polymerase Chain Reaction (PCR) and profiled at the following loci: D3S1358, vWA, FGA, D8S1179, D21S11, D18S51, D5S818, D13S317, D7S820 and Amelogenin.

The results were compared to the DNA profile from Laboratory case C99-34165 Exhibit 155A (Extracted DNA from blood standard from Larry Johnson - please refer to laboratory report dated May 31, 2000 by Forensic Scientist Sandra Lambatos).

A mixture of DNA profiles was identified in Exhibit 1B1.

A male DNA profile was identified in Exhibit 1B1 at the D3S1358, vWA, FGA, D8S1179, D21S11, D18S51, D5S818, D13S317, D7S820, D16S539, TPOX, CSF1PO and Amelogenin loci which does not match the DNA profile of Larry Johnson. This profile has been searched against the convicted offender and casework databases of the DNA Index. The search did not detect a profile consistent with the profile in this case.

A DNA profile was also identified in Exhibit 1B1 which matches the DNA profile of Ladonna Beck.

A mixture of DNA profiles was identified in Exhibit 1D1. *Important*

**FILE COPY**

CHICAGO POLICE DEPARTMENT UNIT 610
Laboratory Case #C00-011779

-2-

August 8, 2000

**RESULTS** (continued)

A male DNA profile was identified in Exhibit 1D1 at the D3S1358, vWA, FGA, D8S1179, D21S11, D18S51, D5S818 and Amelogenin loci which does not match the DNA profile of Larry Johnson. This profile is consistent with the male DNA profile identified in Exhibit 1B1.

A DNA profile was also identified in Exhibit 1D1 which matches the DNA profile of Ladonna Beck.

See attached table for summary of observed alleles.

**CONCLUSIONS**

The questioned profile from Exhibits 1B1 and 1D1 has been included in the casework database of the DNA Index and will continue to be compared to other profiles. You will be notified if a consistent profile is detected.

The semen identified in Exhibits 1B1 and 1D1 could not have originated from Larry Johnson.

**REQUESTS**

For results of previous biological examinations, please refer to the laboratory report by Forensic Scientist Greg DiDomenic from the Forensic Science Center at Chicago.

**EVIDENCE DISPOSITION**

DNA evidence will be maintained in the laboratory evidence vault until such time as the case has been adjudicated or the evidence is required by the agency.

Respectfully submitted,

Mary Margaret Greer-Ritzheimer
Forensic Scientist

cc:  CHIEF, DET. DIV. CRIME ANALYSIS UNIT 601
     CHICAGO POLICE DEPARTMENT UNIT 177

FILE COPY

# ILLINOIS STATE POLICE
Division of Forensic Services
Forensic Science Center at Chicago
1941 West Roosevelt
Chicago, Illinois 60608-1229
(312) 433-8000 (Voice) • 1-(800) 255-3323 (TDD)

George H. Ryan
*Governor*

September 14, 2000

Sam W. Nolen
*Director*

DET. C. MORGAN & DET. J. SCANLON
CHICAGO POLICE DEPARTMENT UNIT 610
DETECTIVE DIVISION, AREA 1
5101 SOUTH WENTWORTH
CHICAGO IL 60609

No FF.

Laboratory Case #C00-011779
RD #B0059955
SUPPLEMENTAL REPORT

OFFENSE:    Sexual Assault
VICTIM:     Ladonna Beck

The following evidence was received by the Forensic Science Center at Chicago on March 10, 2000:
Inventory# 1742600

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| 1B1     | Vaginal swabs |

## RESULTS
A mixture of DNA profiles was identified in Exhibit 1B1. A male DNA profile was identified in Exhibit 1B1 at the D3S1358, vWA, FGA, D8S1179, D21S11, D18S51, D5S818, D13S317, D7S820, D16S539, TPOX, CSF1PO and Amelogenin loci - please refer to my laboratory report dated August 8, 2000. This profile has been searched against the convicted offender databases of the DNA Index. The search detected a match to the following individual which indicates that he may be the donor of the biological material identified Alonje Walton SID #     (U-1F-7)-

This profile was also searched against the casework databases of the DNA index. The search did not detect a profile consistent with the profile in this case.

A DNA profile was also identified in Exhibit 1B1 which matches the DNA profile of Ladonna Beck.

## CONCLUSIONS
The questioned profile from Exhibit 1B1 has been included in the casework database of the DNA Index and will continue to be compared to other profiles. You will be notified if a consistent profile is detected.

## REQUESTS
An additional blood standard from Alonje Walton will be necessary for confirmatory forensic analysis. Please submit all appropriate blood standards to the Chicago Police Department Division of Forensic Services.

For results of previous biological examinations, please refer to my laboratory report and the laboratory report by Forensic Scientist Greg DiDomenic from the Forensic Science Center at Chicago.

# FILE COPY

CHICAGO POLICE DEPARTMENT UNIT 610
Laboratory Case #C00-011779                    -2-                    September 14, 2000

## EVIDENCE DISPOSITION
DNA evidence will be maintained in the laboratory evidence vault until such time as the case has been adjudicated or the evidence is required by the agency.

Respectfully submitted,

Mary Margaret Greer-Ritzheimer
Forensic Scientist

cc:  CHIEF, DET. DIV. CRIME ANALYSIS UNIT 601
     CHICAGO POLICE DEPARTMENT UNIT 177

FILE COPY

## ILLINOIS STATE POLICE
Division of Forensic Services
Forensic Science Center at Chicago
1941 West Roosevelt Road
Chicago, Illinois 60608-1229
(312) 433-8000 (Voice) * 1-(800) 255-3323 (TDD)

Rod R. Blagojevich
*Governor*

March 11, 2004

Larry G. Trent
*Director*

DET. C. MORGAN & DET. J. SCANLON
CHICAGO POLICE DEPARTMENT UNIT 610
DETECTIVE DIVISION, AREA 1
5101 SOUTH WENTWORTH
CHICAGO, IL 60609

Laboratory Case #C00-011779
RD #B0059955

OFFENSE    Sexual Assault
SUSPECT    Alonje Walton
VICTIM     Ladonna Beck

The following evidence was received by the Forensic Science Center at Chicago on September 23, 2003:
**Inventory# 10203371**

| **EXHIBIT** | **DESCRIPTION** |
|---|---|
| 2A | Buccal swab standard from Alonje Walton |

## RESULTS
DNA from Exhibit 2A was amplified using the Polymerase Chain Reaction (PCR) and profiled at the following loci: D3S1358, vWA, FGA, D8S1179, D21S11, D18S51, D5S818, D13S317, D7S820, D16S539, TH01, TPOX, CSF1PO and Amelogenin.

Exhibit 2A was compared to the human male DNA profile previously identified in Exhibits 1B1 and 1D1 (vaginal and rectal swabs from Ladonna Beck). Please see the laboratory report by Forensic Scientist Mary Margaret Greer-Ritzheimer dated August 8, 2000 for results of previous DNA analysis.

A human male DNA profile was previously identified in Exhibit 1B1 and Alonje Walton cannot be excluded from contributing to this profile. Approximately 1 in 17 trillion Black, 1 in 96 trillion White or 1 in 62 trillion Hispanic unrelated individuals cannot be excluded as having contributed to this profile at the D3S1358, vWA, FGA, D8S1179, D21S11, D18S51, D5S818, D13S317, D7S820, D16S539, TPOX and CSF1PO loci.

A human male DNA profile was previously identified in Exhibit 1D1 at the D3S1358, vWA, FGA, D8S1179, D21S11, D18S51, D5S818 and Amelogenin loci and Alonje Walton cannot be excluded from contributing to this profile. Approximately 1 in 78 million Black, 1 in 280 million White or 1 in 480 million Hispanic unrelated individuals cannot be excluded as having contributed to this profile.



Exhibit "B"

CHICAGO POLICE DEPARTMENT UNIT 610
Laboratory Case #C00-011779                    -2-                    March 11, 2004

**RESULTS** (continued)
See attached table for summary of observed alleles.

**CONCLUSIONS**
Alonje Walton cannot be excluded as having contributed to the male DNA profiles identified in Exhibits 1B1 and 1D1.

The DNA profile identified in Exhibit 2A has been included in the casework database of the DNA Index and will continue to be compared to other profiles. You will be notified if a consistent profile is detected.

**REQUESTS**
For results of previous biological examinations, please refer to my laboratory report and the laboratory reports by Forensic Scientist Greg A. DiDomenic and Mary Margaret Greer-Ritzheimer from the Forensic Science Center at Chicago.

If you have any questions regarding this report, please feel free to contact me.

**EVIDENCE DISPOSITION**
DNA evidence will be maintained in the laboratory evidence vault until such time as the case has been adjudicated or the evidence is required by the agency.

Respectfully submitted,

COPY

Karri Broaddus
Forensic Scientist

Attachment (s)

cc: CHIEF, DET. DIV. CRIME ANALYSIS UNIT 601
ASA ANDREW WEISBERG-ROOM 12D28-COOK COUNTY STATE'S ATTORNEY
CHICAGO POLICE DEPARTMENT UNIT 177

**ARREST REPORT** (CPD-6921)

| | | | DAY | MONTH | YEAR |
|---|---|---|---|---|---|
| WALTON | Alonje | M | 1 | 30 | 18 | Oct | 72 |

7. ALIAS OR NICKNAME

8. DIST/RES. 007 | 9. HEIGHT 507 | 10. WEIGHT 142 | 11. HAIR Blk | 12. HAIR STYLE short | 13. EYES Brn | 14. COMPLEXION Med

I.C.R. NO. 155 87 906

15. I.R. NO. 935508

16. RESIDENCE ADDRESS ——— APT. NO./FLOOR 2R

17. VISITING MARKS, SCARS, DISABILITIES, ETC. tatoo-chest

18. SOCIAL SECURITY NO. 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

19. R.D. NO.

16A. CITY - STATE Chicago, Il    ZIP CODE 606—    HOME TELEPHONE 773———

20. STATE/PLACE OF BIRTH IL

21. DRIVERS LICENSE NO.    STATE

22. RB NO. B-059955

23. OCCUPATION none

24. BUSINESS NAME-ADDRESS    CITY - STATE  ZIP CODE    BUSINESS TELEPHONE

25. ADDRESS OF ARREST 6730 S Paulina

26. NO. ARRESTED 1

27. LOCATION CODE FOR NATURE OF PREMISES 290

28. BEAT OF ARREST 726

29. DATE OF ARREST DAY 18 MONTH Sep YEAR 03 | TIME 1030 | 30. ARRESTEE TRANSPORTED TO/UNIT 610 5123  1045

31. RESISTED ARREST YES ☐ NO ☐

32. WEAPON PISTOL ☐  REVOLVER ☐  RIFLE ☐  SHOT GUN ☐  KNIFE ☐  OTHER (SPECIFY) ☐

33. PROPERTY INVENTORY NO(S) 1742600

34. FOR NARCOTIC ARRESTS ☐ SUSPECT CANNABIS ☐ SUSPECT CONTROLLED SUBSTANCE

APPROX WT. NO. PKGS. | EST. STREET VALUE $ | CALL ORG. CRIME CHECK 0-461 | $    A

35. VEHICLE YEAR    MAKE D    MODEL N    BODY STYLE    COLOR    STATE LICENSE NO. OR V.I.N.    DISPOSITION OF VEHICLE

ARRESTEE A

36. PERSON/INVESTIGATIVE UNIT NOTIFIED Farley # 20643    UNIT NOTIFIED 610    TIME

37. DOES ARRESTEE HAVE DEPENDENT CHILDREN AT HOME ☐ YES ☐ NO

IF YES - NAME OF Y.D. MEMBER NOTIFIED - TIME

38. NAME ASA M Lynch    CHARGES APPROVED YES ☒ NO ☐    TIME 1430

2. VICTIM/COMPLAINANT NAME LaDonna Beck    SEX F | RACE 1 | AGE 24    HOME ADDRESS    CITY - STATE Chicago, Il    ZIP CODE    TELEPHONE NO.

VICTIM INJURED  IF YES - DESCRIBE INJURIES ☐ YES ☐ NO

VICTIM HOSPITALIZED ☐ YES ☐ NO ☒ TREATED & RELEASED

HOSPITAL NAME Jackson Park Hospital

| 40. REFERENCES (CH - PAR.) | 41. OFFENSES | 42. DISPOSITIONS |
|---|---|---|
| 720ILCS5/12-14(a)(1) | AGG CRIM SEX ASSAULT | |

NARRATIVE (The facts for probable cause to arrest AND to substantiate the charges include, but are not limited to, the following.)

ISP LAB HIT # 111    THIS IS AN ARREST BY THE AREA ONE ALTERNATIVE LIFESTYLE TASK FORCE.

The above subject was placed under arrest for AGGRAVATED CRIMINAL SEXUAL ASSAULT in that he was positively identified in a line up and through DNA CODIS Testing as the person that sexually assaulted LaDonna Beck, while displaying a handgun, by inserting his penis into the vagina of LaDonna Beck.

ASSISTING PERSONNEL:  P.O. Anthony Flowers # 11981
                      P.O. Frank Casale # 8976
                      Sgt. Anthony Kuta # 1811

I do solemnly, sincerely, and truly declare and affirm that the facts stated herein are accurate to the best of my knowledge.

ARRESTING/APPROVING OFFICER'S SIGNATURE    STAR NO. 20643    UNIT 610

DETECTIVE'S SIGNATURE  D Brown /P.O. D H

ARRESTING/APPROVING OFFICER - PRINT NAME Det. E. Farley    STAR NO. 5118    UNIT 11a    D.O. GRP. S/H    MISD./ORD. DNA

45. SECOND ARRESTING OFFICER - PRINT NAME - STAR NO. Det. C. Elizondo # 21153    UNIT 610

46. VEHICLE ASSIGNED 1 ON ☐  2 TWO ☐  P.O. ☐  ☐ OTHER

Det. A. Forbely # 20140

44. RESULTS OF FINGERPRINT CHECK WAIVED BY SIG.    STAR

48. APPROVAL OF CHARGES  Det. DATE  TIME    19 SEP 03  0162

COMMANDER'S NOTATIONS

ARRESTEE SEARCHED BY    STAR/EMPL. NO. 302-001    UNIT 9

51. DATE/RECEIVED LOCKUP 9 18 Sep 03    TIME 2020

52. PERS. PROPERTY RECEIPT NO.

53. TELEPHONE NO. CALLED    TIME

LOCKUP KEEPER    STAR/EMPL. NO. 9684    UNIT 2

55. TIME FINGERPRINTS 2025    56. TIME PHOTOGRAPHED 2030    57. TIME FED 2035    58. PLACED IN CELL NO.

COURT INFORMATION

OFF. DESIRED COURT DATE 29 Sep 2003    BRANCH-CALL Br 66

60. COURT SGT. TO HANDLE ☐ YES ☐ NO

61. INITIAL COURT DATE 20 SEP 03 01

62. FINAL CRT. DATE    BRANCH-CALL

DEPO. DATE    TIME    64. BOND RECEIPT NO.    65. COURT COMPLETED    FINAL JUDGE'S NAME

COURT SERGEANT    3142469

# SUPPLEMENTARY REPORT

3510 S. Michigan Avenue, Chicago, Illinois 60653
(For use by Chicago Police - Bureau of Investigative Services Personnel Only)

Case Id: 2050345
Sup ID: 2653739  CASR301

## CLEARED CLOSED (ARREST AND PROSECUTION)    DETECTIVE SUP. APPROVAL COMPLETE

| Last Offense Classification/Re-Classification | IUCR Code | Original Offense Classification | IUCR Code |
|---|---|---|---|
| CRIM SEXUAL ASSAULT / Aggravated: Handgun | 0261 | CRIM SEXUAL ASSAULT / Aggravated: Handgun | 0261 |

| Address of Occurrence | Beat of Occur | No of Victims | No of Offenders | No of Arrested | SCR No |
|---|---|---|---|---|---|
| 7301 S HARVARD AVE | 731 | 1 | | 1 | |

| Location Type | Location Code | Secondary Location | Hate Crime? |
|---|---|---|---|
| Abandoned Building | 096 | | NO |

| Date of Occurrence | Unit Assigned | Date RO Arrived | Fire Related? | Gang Related? | Domestic Related? |
|---|---|---|---|---|---|
| 28-JAN-1997 18:30 | 0633 | 28-JAN-1997 20:45 | NO | NO | NO |

| Reporting Officer | Star No | Approving Supervisor | Star No | Primary Detective Assigned | Star No |
|---|---|---|---|---|---|
| FARLEY, Edward | 14616 | KUTA, Anthony | 1811 | FARLEY, Edward | 20643 |

| Date Submitted | Date Approved | Assignment Type |
|---|---|---|
| 20-SEP-2003 11:31 | 20-SEP-2003 11:31 | FIELD |

## THIS IS A FIELD INVESTIGATION CLEARED CLOSED (ARREST AND PROSECUTION) REPORT

VICTIM(S):

**BECK, Ladonna**          TYPE: Individual

DOB: 

RES: 

Chicago IL

BIRTH PL: Illinois

EMPLOYMENT: 

SSN: 

*"Exhibits" "B"*

OFFENDER(S):

**WALTON, Afonje**          -- In Custody --

Male / Black / 30 Years

DOB: 18-OCT-1972

RES:    6730 S Paulina St
Chicago IL
773-476-9051

BIRTH PL: Illinois

DESCRIPTION:    5'07,142,Black Hair, Short Hair Style, Brown Eyes, Medium Complexion

SCAR MARKS:    Stitches Scar on Left Wrist

OCCUPATION: None

SSN:    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

IR #:    935508          CB #:    15587906

SID #:    IL29723420          FBI #:    64529PA3

ADDITIONAL INFO.:    Sor# 14500125

B059955

DETECTIVE SUP. APPROVAL COMPLETE

VICTIM INJURIES

**BECK, Ladonna**

Type | Weapon Used
None Visible | Handgun
Injured by Offender
HOSPITAL:  Jackson Park
The Hospital Requested a Csa Kit

**Weapon Description**
Other - Blue Steel

Exhibits
B

( Victim )

TRANSPORTED TO:

**BECK, Ladonna**

Transported to Jackson Park

OTHER PROPERTY :

INV #:    1742600
1 Sealed Csa Evidence Collection Kit
INV #:    10203371/477
One Sealed Buccal Swab Test

POSSESSOR/USER:   Alonje Walton
INV #:    10203449/610
1 Consent To Buccal Swab Form

POSSESSOR/USER:   Signed By Alonje Walton

get Hospital
Record
Look at
Inventory
number

LOCATION OF INCIDENT:

7301 S Harvard Ave
Chicago IL
096 - Abandoned Building

DATE & TIME OF INCIDENT:    28-JAN-1997 18:30

METHOD CODE(S):    DNA

CAU CODE(S):    Rape Incident

PERSONNEL ASSIGNED:

**Assisting Detective/Youth Inv.**
BORBELY, Anthony  W | # 20110
ELIZONDO, Gilberto J | # 21153
**Assisting Officer**
FLOWERS, Anthony | # 11981
CASALE JR, Frank  J | # 8976
**Case Supervisor On Scene**
KUTA, Anthony  W | # 1811
**Detective/Youth Investigator**
FARLEY, Edward  T | # 20643
**Reporting Officer**
HINES, Jeremiah L | # 17230 | BEAT: 0633
ANDERSON, Keith  B | # 9457 | BEAT: 0633

WITNESS(ES) :

**EVANS, Shelly**

BIRTH PL:   Illinois
RES:
Chicago IL

EMPLOYMENT:

DETECTIVE SUP. APPROVAL COMPLETE

CRIME CODE SUMMARY:        0261 - Crim Sexual Assault - Aggravated: Handgun

IUCR ASSOCIATIONS:         0261 - Crim Sexual Assault - Aggravated: Handgun

                           BECK, Ladonna                          ( Victim )
                           WALTON, Alonje                         ( Offender )

ASSOCIATED ARRESTS:        15587906                               Exhibits
                                                                  B

REPORT DISTRIBUTIONS:      No Distribution

INVESTIGATION:

THIS IS AN AREA 1 FIELD INVESTIGATION CLEARED CLOSED BY ARREST AND
PROSECUTION REPORT

VICTIM:
BECK, LaDonna

IN CUSTODY:
WALTON, Alonje    M/1/30    18 Oct 1972    SS# 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
6730 S Paulina    2R    SOR# 14500125
IR# 935508
CB# 15587-906

ARRESTING OFFICERS:
P.O. A. Flowers # 11981
P.O. F. Casale # 8976
Det. E. Farley # 20643
Det. A. Borbely # 20110
Det. G. Elizondo # 21153

DATE, TIME, LOC. OF ARREST:
18 Sep 2003, 1030 hrs at 6730 S Paulina

CHARGES, CT. BR., DATE:
AGGRAVATED CRIMINAL SEXUAL ASSAULT
720 ILCS 5/12-14(1)(a)
Br 66
22 Sep 2003

False testimony

INJURIES:
bruises to the body

TAKEN TO:
Jackson Park Hospital

WEAPON:
blue steel handgun (displayed)

DETECTIVE SUP. APPROVAL COMPLETE

Pg. 6 OF 6

"Exhibits"
B

LOCATION:
7301 S Harvard
abandoned building

DATE & TIME:
28 Jan 1997 at 1830 hrs

WEATHER & LIGHTING:
Clear, cold
Artificial overhead alley lighting

MANNER/MOTIVE:
sexual assault/sexual gratification

EVIDENCE:
INV# 1742600
one sealed CSA Evidence kit
INV# 10203371
one sealed buccal swab test
INV# 10203449
buccal swab consent form

PERSONNEL ASSIGNED:
Det. E. Farley # 20643

WITNESSES:
EVANS, Shelly

OUTCRY

INTERVIEWED:
See WITNESS category for information

INVESTIGATION:

R/D learned of a CODIS DNA HIT, referred to as Hit # 111, by the ISP. The information stated the DNA profile of Alonje WALTON matched the DNA profile obtained from a vaginal swab contained in a CSA kit obtained from the victim, LaDonna Beck. *There was a warrant for her arrest.*

R/D contacted La Donna Beck and informed her of a suspect in this crime and La Donna Beck stated she wanted to prosecute this case. R/D learned the person identified by the ISP DNA, CODIS hit is Alonje Walton. The records indicate WALTON is a registered sex offender. The SOR# on file is 14500125. *ck for 197 file*

LaDonna Beck was interviewed and related the following in summary.

DETECTIVE SUP. APPROVAL COMPLETE

*Exhibits*

LaDonna BECK....stated she left her home to go to the store when she was approached by an unknown Male Black. BECK said this person put a blue steel hand gun to her face and told her " keep walking, bitch. If you say anything I'll kill you." BECK went on to say the offender then forced her to an abandoned building located at 7301 S Harvard. *b hr Port a*

*But sh shis she pull her*
BECK said the offender began to grope at her through her clothing and then he began to grind his pelvic area against her and stated, "Fuck me back, bitch." BECK then said the offender then unfastened her pants and told her to lay down. BECK said the offender unzipped his pants and then pulled her pants down. BECK went on to say the offender then put his penis into her vagina. BECK said she thought the offender had ejaculated inside of her. BECK stated when the offender had finished he told her, "Get up slow and pull your pants up." BECK said she complied and then said the offender said, "Don't tell nobody, I'm going to follow you wherever you go." The offender fled the area.
*Important also*

BECK said she then went to her home and got a ride to the home of her friend, Shelly EVANS. BECK said she was scared and EVANS advised her to contact the police. The police were called and responded to EVAN'S home. The police subsequently took BECK to Jackson Park Hospital where she was treated. A CSA kit was prepared at that time. This evidence was turned over to the Chicago Police Department and inventoried under # 1742600. This evidence was sent to the ISP CRIME LAB for testing.
*refer to General Proc Report*

On 18 Sep 2003, members of the Area One Mission Team located Alonje WALTON and placed him under arrest. WALTON was then transported into Area One. WALTON was advised of his Miranda warnings by Detective Farley and stated he understood them and wanted to talk with the R/D. R/D told WALTON the circumstances of his arrest and WALTON stated, " I never raped no one." R/D explained to WALTON when this event occurred and WALTON stated," I was in a wheel chair back then because of a car accident." WALTON then asked if this arrest was the result of a pending lawsuit he has against the IDOC. WALTON was assured he arrested based on the facts of the case. WALTON then agreed to provide a buccal swab sample. This sample was obtained by ET D. Ryan # 7636.

A lineup was conducted in Area One and Alonje WALTON was positively identified by the victim as the person that sexually assaulted her. The details of this lineup are contained in a separate report.

WALTON asked R/D if he was picked out of the line up and when he was told he was identified, WALTON stated he didn't want to talk to R/D anymore and wanted his lawyer. *2 ASA*

The Felony Review Unit was then contacted and ASA Maureen Lynch reviewed the facts of the case. ASA Lynch interviewed the victim who related essentially the same account of facts as related to R/D. ASA Lynch then handed over this case to her relief, ASA Tasha Kelly. R/D and ASA Kelly went to the home of Shelly Evans' mother to locate the outcry witness, Shelly Evans. No one was home at this time and the case was C/I'd pending the interview of the outcry witness.

R/D located the outcry witness, Shelly Evans on 19 Sep 2003 and brought her to Area One to be interviewed. Shelly Evans related the following in summary.

DETECTIVE SUP, APPROVAL COMPLETI

Shelly EVANS...stated she has known the victim, LaDonna Beck for approximately 10 yea
EVANS said they met at Hubbard High School while attending school. EVANS stated she has n
been in contact with BECK for about three or four years. When asked about this incident, EVAN
said she remembers LaDonna coming over to her house and remembers it being cold outside.

EVANS answered the door and saw LaDonna standing there with very red eyes. EVANS invite
LaDonna inside and asked LaDonna what was wrong. EVANS said LaDonna told her she wa
raped. EVANS said LaDonna was visibly shaken, her hair was messed up; her pants and jack
had mud and snow all on one side. LaDonna related to EVANS essentially the same account
events as stated to R/D. EVANS said LaDonna was frightened and EVANS insisted to involve th
police. The police arrived at EVANS' home and then they took her to Jackson Park Hospital.

ASA Nancy Wilder of the Sex Crimes Division of the State's Attorney's Office was notified an
responded to Area One. ASA Wilder interviewed EVANS in regard to this incident. EVANS relate
the same account of events as given to R/D.

Upon reviewing the evidence and interviews of the victim and outcry witness, ASA Wilde
approved the felony charge against Alonje WALTON on 19 Sep 2003 at 1430 hrs.

Based on this information, this case is classified as CLEARED CLOSED BY ARREST AND
PROSECUTION.

Det. Edward Farley # 20643
Area One Detective Division

*[handwritten annotations:]*

*Shelly Evans testimony is based solely on Hearsay.*

*hearsay*

*this was 6 years ago*

*there's NO complaint to substantial charges because the State did not file criminal charges until after the Assistance States attorney Spoke with an out cry witness, and the out cry witness testimony is only hearsay, because after the crime had happen the victim went to her friends House and told her what happen*

Exhibit "C"

| GENERAL PROGRESS REPORT | DATE OF ORIG. CASE REPORT | DATE OF THIS REPO |
|---|---|---|
| DETECTIVE DIVISION/CHICAGO POLICE | 28 JAN 97 | 18 SEP 03 |

| OFFENSE CLASSIFICATION—LAST PREVIOUS REPORT | VICTIM'S NAME AS SHOWN ON CASE REPORT | BEAT/UNIT ASSIGNE |
|---|---|---|
| ACSA | Btck | 5118 |

This form is designed for recording handwritten notes and memoranda which are made during the conduct of investigations, including: inter-watch memoranda (handwritten or typewritten), witness and suspect interview notes, on-scene canvas notes, and any handwritten personal notes made by detectives during the field investigation of violent crimes which are used to prepare official Department case reports.

ADVISED ⟶ 1110 —

TOLD OF ELEMENTS — "I DIDNT RAPE NO ONE"

TOLD OF DATE/TIME   "I WAS IN WHEELCHAIR"

STATED ⟶ DOES THIS HAVE ANYTHING TO DO WITH
MY LAWSUIT w/ IDOC'

△ THEN REFUSED TO ANSWER ANY QUESTIONS — STATED
HE WANTED A LAWYER ⟶ RED FLAG QUESTIONS

△ ASKED IF HE WOULD SUBMIT TO BUCCAL SWAB

△ AGREED — Once I ask for counsel questioning suppose to stop (Lawyer
did not bring this up) After I stated I wanted a Lawyer the Det
Stated If you Didnt Do this crime would you take a Buccal swab to
prove your Innocence, then I agreed along his lines.

V— WALK TO STORE   △ DISPLAYS HAND GUN

WALKS V TO ABANDONED BUILDING — INSTRUCTED HER
TO UNFASTEN PANTS — HAD VAGINAL SEX — TOLD HER
TO GET DRESSED AND NOT SAY ANYTHING

V SAID SHE WALKED HOME ASKED FRIEND (AARON
FOX RIDE TO SHELLEY EVANS HOUSE
549 E 92ND — OUTCRY — CALLED POLICE

DOES NOT KNOW △ —

(INT w/ ASA MAUREEN LYNCH)

NU — 10203449 — Consent
     10203371 — Buccal Swab

| REPORTING OFFICER'S SIGNATURE—STAR NO. | RECEIVED BY: SUPERVISOR'S SIGNATURE—STAR NO. | DAY—MO.—YR. | TIME |
|---|---|---|---|
| 12673 | | | |

CPD-33.122 (Rev. 2/83)

STATE OF ILLINOIS )
) SS
COUNTY OF COOK )

**FILED**
APR 2 1 2005
DOROTHY BROWN
CLERK OF CIRCUIT COURT

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS, )
Plaintiff )
)
vs. )    03CR-22081    *Exhibit* "D"
)
ALONJE WALTON, )
Defendant )

## DEFENDANT'S MOTION TO DISMISS THE INDICTMENT

**NOW COMES** the Defendant, ALONJE WALTON by and through his Attorney,
**JEFFREY J. NESLUND**, and moves this Court to Dismiss the Indictment for violation
of the Defendant's Due Process rights under the Fifth Amendment caused by pre-
indictment and pre-arrest delay, and in support thereof states as follows:

### INTRODUCTION

1.    The Defendant was indicted on October 9, 2003, for an Aggravated Criminal
Sexual Assault which allegedly took place on January 28, 1997. On September
14, 2000, the Illinois State Police (ISP) crime lab notified the Chicago Police that
the Defendant was a possible DNA match from a vaginal swab of the alleged
victim. However, the Defendant was not arrested until September 18, 2003. This
unreasonable delay has caused actual and substantial prejudice to the Defendant
which requires dismissal of the indictment pursuant to People v. Lawson, 67 Ill.
2d 449, 367 N.E. 2d 1244 (1977). Specifically, as a result of the 36-month pre-
arrest delay, the immediate outcry witness, an unknown male store clerk, cannot
be identified or located.

2.    Following the alleged sexual assault, the complaining witness, LaDonna Beck
went to a food store located at 225 W. 76th Street and told a male clerk what
occurred.

3.    According to Ms. Beck's interview with Detective Paulnitsky #20709, the male
clerk wanted to call the police, but Ms. Beck told him no and walked to her
residence located at 358 W. 74th Street. Once at her apartment, Ms. Beck did not
call the police, but borrowed her roommate's car and drove to her friend, Shelly

Evan's house, located at 549 E. 92nd Street. The police were then summoned to Ms. Evan's residence approximately two (2) hours and fifteen (15) minutes after the alleged assault.

*Exhibit "D"*

4.    The responding officers, J. Hines #17230 and K. Anderson #9047, attempted to interview the store clerk, but were unsuccessful because the store was closed. No subsequent efforts were made to identify or interview the male store clerk who spoke with Ms. Beck immediately following the alleged sexual assault.

5.    A criminal sexual assault (CSA) kit was taken at Jackson Park Hospital on January 28, 1997, which included vaginal and rectal swabs from Ms. Beck. The CSA kit was inventoried by the Chicago Police, Inventory # 1742600, and sent to the Illinois State Police (ISP) for analysis and profile search against the convicted offender databases of th DNA index.

6.    On May 23, 2000, the Defendant plead guilty to Aggravated Sexual Abuse (98 CR-16758) which occurred on May 15, 1998. As a registered sex offender, the Defendant provided a DNA sample for the convicted offender databases of the DNA Index.

7.    On September 14, 2000, ISP forensic scientist Mary Greer-Ritzheimer sent a report to the Chicago Police Department, Unit 610, Detective Division, Area 1. (See Defendant's Exhibit "A") This report states that the Defendant "*may*" be the donor of the biological material identified in the vaginal swabs of Ms. Beck's CSA kit. The ISP report specifically requests that an "*additional blood standard*" from the Defendant "*will be necessary for confirmatory analysis.*" (emphasis added).

8.    The Defendant was not arrested until September 18, 2003, thirty-six (36) months after the Chicago Police received the ISP report indicating the Defendant "*may*" be the donor of the DNA identified in the CSA kit from January 28, 1997.

## ARGUMENT

9.    The Illinois Supreme Court established the test to determine if a pre-indictment or pre-arrest delay violates a defendant's due process rights in <u>People v. Lawson</u>, 67 Ill.2d 449, 367 N.E.2d 1244 :

"Where there has been a delay between an alleged crime and indictment or arrest, the defendant must come forward with a clear showing of actual and substantial prejudice...If the accused satisfies the trial court that he has been substantially prejudiced by the delay, then the burden shifts to the state to show the reasonableness, if not the necessity of the delay." <u>Lawson</u>, 67 Ill.2d 449,459, 367 N.E.2d 1244, 1248.

*Exhibit UDU*

10. To satisfy the initial element of the <u>Lawson</u> test, the defendant must come forward with a clear showing of actual and substantial prejudice resulting from the complained of delay. Excessive delay causes great suspicion and a **presumption** that the delay was prejudicial. <u>People v. Gulley</u>, 83 Ill.app.3d 1066, 404 N.E.2d 1077 (3rd Dist. 1980)(prejudice was presumed from 51 month pre-indictment pre-arrest delay). See also <u>People v. Nichols</u>, 60 Ill. App. 3d 919, 377 N.E.2d 815 ( 3rd Dist. 1978)( prejudice presumed by 33 month delay).

11. In the instant case, the 36- month delay between the ISP report and the Defendant's arrest creates a **presumption** that the delay was prejudicial. The Defendant was a registered sex offender during this time period. The police, therefore, were aware of his whereabouts during the 36-month delay. The Defendant did not cause the delay during this investigation.

12. In addition, the Defendant has suffered actual and substantial prejudice from the delay because the immediate outcry witness, the male clerk from the store located at 225 W. 76th Street, cannot be identified or located. The store itself is no longer in existence.

13. This unknown male clerk is a crucial witness to the defense for several reasons : this individual is the only person to see Ms. Beck <u>immediately</u> after the alleged assault. The unknown clerk could provide  testimony regarding Ms. Beck's initial account of the incident, her demeanor, appearance as well as her request **not** to contact the police.

14. The unreasonable delay by the Chicago Police, who did **nothing** on this case for 36-months after receipt of the ISP report, has caused actual and substantial prejudice to the Defendant and violates his Due Process rights requiring dismissal of the Indictment.

**WHEREFORE**, Defendant ALONJE WALTON, by and through his Attorney, Jeffrey J.

Neslund, requests that this Court enter an order dismissing the Indictment.

Respectfully submitted

Jeffrey J. Neslund
Attorney for Defendant

Law Offices of Jeffrey J. Neslund
150 N. Wacker Dr.
Suite 2460
Chicago, IL 60606
(312) 223-1100

6/20/00   DENIED

STATE OF ILLINOIS ⟩
⟩ SS
COUNTY OF COOK ⟩

**FILED**

APR 2 1 2005

DOROTHY BROWN
CLERK OF CIRCUIT COURT

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS, ⟩
Plaintiff ⟩
⟩
vs. ⟩   03CR-22081
⟩
ALONJE WALTON, ⟩
Defendant ⟩

Exhibit "D"

## MOTION TO QUASH ARREST AND SUPPRESS EVIDENCE

**NOW COMES** the defendant, **ALONJE WALTON**, by his attorney **JEFFREY J. NESLUND**, and moves this Court to enter an order quashing the defendant's arrest and suppressing all evidence following that arrest. In support of said motion, the Defendant states as follows:

1. That defendant was arrested by the Chicago Police on September 18, 2003, at 6730 S. Paulina, 2nd floor rear apartment, in Chicago, Illinois for the Aggravated Criminal Sexual Assault of LaDonna Beck, which occurred on January 28, 1997.

2. That the search of defendant and his arrest were without probable cause and without a warrant.

3. That the defendant was not in violation of any law at the time of said arrest.

4. The arrest of the Defendant was based on CODIS DNA "hit" by the Illinois State Police (ISP) crime lab and characterized as a "match" by the Detective Edward Farley of the Chicago Police Department.

5. However, the actual report dated September 14, 2000, ISP forensic scientist Mary Greer-Ritzheimer states that the Defendant "*may*" be the donor of the biological material identified in the vaginal swabs of Ms. Beck's CSA kit. The ISP report specifically requests that an "*additional blood standard*" from the Defendant "*will be necessary for confirmatory analysis.*" (emphasis added).

6. That such a preliminary report from the ISP is insufficient to establish probable cause for the Defendant's arrest.

7. That following the illegal arrest, the Defendant was placed in a line-up and provided an additional buccal swab for DNA analysis.

8. That the arrest, search and seizure described above were illegal, and were without probable cause or reasonable suspicion that defendant had violated the law and were in violation of defendant's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States and the Illinois Constitution (1970), Article II, Section 2, 6, 9, and 10.

Exhibit
"D"

**WHEREFORE,** the defendant prays that this Court enter an order quashing defendant's arrest and suppressing all evidence regarding the line-up and buccal swab following said illegal arrest, search and seizure including all testimony derived therefrom.

Attorney for Defendant

JEFFREY J. NESLUND
ATTORNEY FOR DEFENDANT
150 N. WACKER DR-. SUITE 2460
CHICAGO, IL 60606
(312)223-1100
ATTORNEY NO: 41155

STATE OF ILLINOIS     )
                        )
COUNTY OF COOK    )

*Exhibit*
*"E"*

## IN THE CIRCUIT COURT OF COOK COUNTY
## CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS   )
                              )
         vs.                    )　　03CR-22081
                              )
ALONJE WALTON             )

### STIPULATION

Now come the People of the State of Illinois, by their attorney, Richard A. Devine,

State's Attorney of Cook County, through his assistant, Paul Chevlin, and the defendant, Alonje

Walton, through his attorney, Jeffrey Neslund. It is hereby stipulated by and between the parties:

1. If called to testify, Dr. Lawrence Ngu would state that on January 28, 1997 he, during the

course of a physical examination of Ladonna Beck at Jackson Park Hospital, completed a

criminal sexual assault kit on Ladonna Beck. The contents of the kit included rectal and

vaginal swabs of Ms. Beck as well as her blood sample. Dr. Ngu subsequently handed

the kit over to Chicago Police personnel where it was inventoried under C.P.D. inventory

number 1742600 and subsequently sent to the Illinois State Police Crime Lab. The chain

of custody of the kit was complete and proper at all times. During the course of the

examination, Dr. Ngu would testify that Ladonna Beck told him that she had been the

victim of a sexual assault by an unknown assailant at gun point. She told Dr. Ngu that the

assailant forced her to have vaginal intercourse and ejaculated inside her. ~~Prior to coming~~

~~to the hospital she stopped at a friend's house to call the police.~~

2. If called to testify, Chicago Police Department Evidence Technician David Ryan, star

*— NO SIGNS OF ANY 'bruises, scratches, lacerations or frost bite about (V)'s body*

#7636, would testify that he took a buccal swab sample from Defendant Alonje Walton *Exhibit* on or about September 18, 2003 at the Area One Detective Division. Officer Ryan would *"E."* identify Defendant in court. Officer Ryan subsequently inventoried that sample under C.P.D. inventory number 10203371 and sent it to the Illinois State Police Crime Lab for Analysis. The chain of custody was complete and proper at all times.

3.  If called to testify, Greg Didomenic, a forensic scientist employed with the Illinois State Police Crime lab in Chicago, would be qualified to testify as an expert in biology and DNA and his opinions would be rendered to a reasonable degree of scientific certainty. On March 10, 2000, he received, in a sealed condition, the sexual assault kit Dr. Ngu administered to LaDonna Beck previously inventoried under number 1742600. He performed scientific tests commonly performed in the area of biology on the contents of the sexual assault kit and identified semen on the vaginal and rectal swabs. He then resealed the evidence and forwarded it to the DNA unit of the Illinois State Police Crime Lab. The chain of custody was complete and proper at all times.

4.  If called to testify, Mary Margaret Greer-Ritzheimer, a forensic scientist employed with the Illinois State Police Crime Lab in Chicago, would be qualified to testify as an expert in DNA and her opinions would be rendered to a reasonable degree of scientific certainty. Ms. Greer received Ms. Beck's sexual assault kit (inventory number 1742600) in a sealed condition on March 10, 2000. Ms. Greer performed DNA testing on LaDonna Beck's blood, vaginal, and rectal swabs using the Polymerase Chain Reaction (P.C.R.) method. Ms. Greer determined that Ms. Beck's vaginal swabs contained a mixture of both her DNA and the DNA of an unknown male. Ms. Greer determined that Ms. Beck's

2

rectal swabs contained the DNA profile of both Ms. Beck and this same unknown male.

Exhibit "E"

5. If called to testify, Karri Broaddus, a forensic scientist employed with the Illinois State Police Crime Lab in Chicago, would be qualified to testify as an expert in DNA and her opinions would be rendered to a reasonable degree of scientific certainty. Ms. Broaddus would testify that on September 23, 2003, she received the buccal swab sample of Alonje Walton (inventory number 10203371) in a sealed condition. On or about October 27, 2003 she began performing scientific tests on its contents using the Polymerase Chain Reaction (P.C.R.) method. Ms. Broaddus developed a DNA profile from the buccal swab of Alonje Walton and compared that profile to the human male DNA profile found in Ms. Beck's criminal sexual assault kit (inventory number 1742600).

6. With regard to the male DNA from Ms. Beck's vaginal swab, Ms. Broaddus determined, to a reasonable degree of scientific certainty, that Alonje Walton could not be excluded from contributing to that profile. Approximately 1 in 17 trillion Black, 1 in 96 trillion White, or 1 in 62 trillion Hispanic unrelated individuals cannot be excluded as having contributed to that profile.

7. With regard to the male DNA from Ms. Beck's rectal swab, Ms. Broaddus determined, to a reasonable degree of scientific certainty, that Alonje Walton could not be excluded from contributing to that profile. Approximately 1 in 78 million Black, 1 in 280 million White, or 1 in 480 million Hispanic unrelated individuals cannot be excluded as having contributed to that profile. The chain of custody of the inventoried items was complete and proper.

3

Exhibit
"E"

Respectfully submitted,

RICHARD A. DEVINE
State's Attorney of Cook County


PAUL J. CHEVLIN
Assistant State's Attorney


JEFFREY NESLUND
Attorney for Defendant

4

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CRIMINAL DIVISION**

**FILED**

DEC 3 0 2004

**DOROTHY BROWN**
**CLERK OF CIRCUIT COURT**

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, )<br>                             Plaintiff, )<br>                                   )<br>        v.                         )<br>                                   )<br> ALONJE WALTON,                    )<br>                   Defendant.      ) | |

No. 03 CR 22081
The Honorable Judge Egan

*Exhibit*
*"F"*

### NOTICE OF MOTION

TO:  Paul Schevlin, A.S.A.                    David Dunne, A.P.D.
      Office of the Cook County State's Attorney  Office of the Cook County Public Defender
      2650 S. California Avenue.               2650 S. California Avenue
      Chicago, Illinois 60608                  Chicago, Illinois 60608
      *Counsel for the People*                 *Counsel for Defendant*

   **PLEASE TAKE NOTICE** that on the <u>13th</u> day of <u>January</u>, 2005, at <u>9:30</u> a.m., or as
soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Egan or
whomever is sitting in his stead in Room 402 of the Circuit Court, located at 26th Street and
California Avenue, Chicago, Illinois and then and there present the attached **ISP'S MOTION
TO QUASH SUBPOENAS DUCES TECUM AND/OR FOR IN CAMERA INSPECTION
AND PROTECTIVE ORDER.**

                                          Respectfully submitted,

                                          *Katherine Laurent*
LISA MADIGAN,                             KATHERINE H. LAURENT
Attorney General of Illinois              Assistant Attorney General
Atty Code: 99000                          General Law Bureau
                                          100 W. Randolph St., 13th Fl.
                                          Chicago, Illinois 60601
                                          (312) 814-5022

---

### CERTIFICATE OF SERVICE

   The undersigned, an attorney, certifies that a copy of the foregoing was served upon the above
named parties via U.S. mail, postage prepaid, by depositing a copy in the U.S. mail located at 100 West
Randolph Street, Chicago, Illinois 60601 at or before 5:00 p.m. on the 30th day of December, 2004.

                                          *Katherine Laurent*

**FILED**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CRIMINAL DIVISION

DEC 2 0 2004

DOROTHY BROWN
CLERK OF CIRCUIT COURT

PEOPLE OF THE STATE OF ILLINOIS,      )
                    Plaintiff,        )
                                      )
    v.                                )        No. 03 CR 22081
                                      )        The Honorable Judge Egan
ALONJE WALTON,                        )
                    Defendant.        )

## ISP'S MOTION TO QUASH SUBPOENAS DUCES TECUM AND/OR FOR IN CAMERA INSPECTION AND PROTECTIVE ORDER

NOW COMES the ILLINOIS STATE POLICE ("ISP"), a non-party, by and through its

attorney, LISA MADIGAN, Attorney General of Illinois, and hereby moves this Honorable Court

to quash the three subpoenas duces tecum served on ISP by the Defendant and/or to conduct an

in camera inspection of the subpoenaed materials and enter an appropriate protective order for

any materials to be produced. In support of said Motion, ISP states as follows:

### INTRODUCTION

1.    On or about November 17, 2004, Defendant had three subpoenas duces tecum

      issued to the ISP Forensic Science Centers at Chicago, seeking 1) any and all

      documentation regarding discussions held within ISP "pertaining to the false

      databank match with Diane M. Myers," 2) copies of the case file and data

      "relating to the testing performed in the case that led to a false DNA databank

      match with Diane M. Myers," and 3) any and all documentation of "changes in

      databank search procedures and methods and reporting methods that have been

      implemented since the false DNA databank match with Diane M. Myers."[1] (See

---

[1] Interestingly, these three subpoenas duces tecum, seeking the same exact information, were also recently issued to ISP by the defendants in two other criminal cases (People v. Geoffrey, 03 CR 16901 and People v. Terrell Yarbor, 04 CR 22941).

Subpoenas Duces Tecum, attached hereto as Group Exhibit A).

2.    Contrary to Defendant's assertion, there was no "false DNA databank match with Diane M. Myers." Rather, there was a legitimate CODIS "hit" or association that "cannot be excluded." (See Affidavit of Crystal Watson, Exhibit B).

3.    In an unrelated case, a partial suspect DNA profile was obtained from a stain at the scene of a burglary and was entered into the CODIS Convicted Offender database. The partial profile contained the minimum number of six out of 13 loci (five of the loci consisted of only one allele each) to be entered into the CODIS database. The partial suspect profile "hit" to the profile of Diane Myers in the CODIS Convicted Offender database. The "hit" was reviewed at the ISP Forensic Science Center at Chicago, which determined that the profile of Diane Myers "cannot be excluded," given the limited amount of DNA information contained in the partial suspect profile. A fax notification was sent to the Chicago Police Department to notify them of the "hit" for investigatory purposes. (See Exhibit B). Upon information and belief, Diane Myers informed the Chicago Police Department that she was incarcerated at the time of the burglary.

## ARGUMENT

4.    Defendant's subpoenas duces tecum are objectionable because they are overly broad, seek information that is irrelevant to the instant matter, and seek

2

information about a pending criminal investigation in an unrelated case.

5.  Defendant seeks information about a CODIS hit that "cannot be excluded" in a
    recent burglary case. Defendant had subpoenas issued to ISP without making any
    showing that this information is in any way relevant to the laboratory testing
    performed in the instant matter. Just because a particular case may be a CODIS
    "cold hit" rape or murder case does not entitle the defendant to unlimited access to
    CODIS database searches done in other unrelated cases. Defendant's
    mischaracterization of a hit that simply cannot be excluded as a "false DNA
    database match" is a blatant attempt to discredit CODIS database searches
    generally and does not provide sufficient justification for subpoenaing this
    information.

6.  Defendant's subpoenas are overly broad because they seek the *entire* laboratory
    case file for the burglary case, rather than just the comparison of the partial
    suspect profile with the profile of Diane Myers.

7.  Defendant's subpoenas must also be quashed pursuant to the law enforcement
    investigatory privilege because they seek information about a pending criminal
    investigation, for which DNA testing has not been completed yet.

8.  In the alternative, the ISP respectfully requests that this Court conduct an *in*

3

camera review of the subpoenaed documents and make a production

determination regarding the subpoena. If this Court determines that any

documents should be produced, the ISP also requests that the Court enter an

appropriate protective order limiting the persons and purposes for which

disclosure may be made of these materials, subject to further order of this Court.


WHEREFORE, for the foregoing reasons, the non-party ILLINOIS STATE POLICE,

respectfully requests that this Honorable Court grant its Motion to Quash Subpoenas Duces

Tecum and/or For In Camera Inspection and Protective Order.

Respectfully submitted,

*Katherine Laurent*

KATHERINE LAURENT
Assistant Attorney General
General Law Bureau
100 West Randolph Street, 13th Flr.
Chicago, Illinois 60601
(312) 814-5022

LISA MADIGAN,
Attorney General of Illinois
Attorney No.: 99000


4

Exhibit B

F2

# IN THE CIRCUIT COURT OF COOK COUNTY
## COUNTY DEPARTMENT, CRIMINAL DIVISION

*along Walton*

*this was not mentiond
At trial ore by trial
Lawyer, the Public Defend
had this*

STATE OF ILLINOIS       )
                              )
COUNTY OF COOK       )

## AFFIDAVIT OF CRYSTAL B. WATSON

NOW COMES the Affiant, Crystal B. Watson, having been first duly sworn on oath deposes and states as follows:

1.     The Affiant is currently employed by Illinois State Police Forensic Sciences Command as Acting Biochemistry Section Chief at the Forensic Science Center at Chicago.

2.     The Affiant has a Masters degree in Public Administration from the Illinois Institute of Technology and a Bachelor of Arts degree in Chemistry from the University of Illinois at Urbana-Champaign.

3.     The Affiant is a member of the Mid-Western Association of Forensic Scientists.

4.     As the Acting Biochemistry Section Chief, the Affiant is familiar with the information sought in the Defendant's subpoenas issued in this case.

5.     At the ISP Forensic Science Center at Chicago, the notification process for CODIS database hits has consisted of direct phone contact, a fax transmission, or a combination of both, for communicating results to the Chicago Police Department for several years.

     A.     In CODIS, the term "hit" means an association between two profiles.

     B.     A hit in a CODIS database search is considered an investigative lead and requires attention for either confirmation or elimination of it.

     C.     A phone conversation with the appropriate detective at Chicago Police Department cannot always be made during the work hours of the ISP Forensic Science Center at Chicago.

1

*Exhibit B*

D.    Because phone contact can be difficult, the fax transmission [is a method used] to communicate hit information to the Chicago Police Department.

E.    There are two types of hits: "matches" and hits that "cannot be excluded."

F.    Hits that are "matches" consist of:

    1.    Case-to-offender matches that need additional standards for verification of the match.

    2.    Case-to-case matches that are for informational purposes, to notify a connection between two cases.

G.    Hits that "cannot be excluded" are associations that have similarities to the unknown sample (no distinctive notable differences but not enough information to be considered a match). For this reason, it cannot be excluded.

6.    That in Laboratory Case # C02-53164 (a burglary), a partial suspect profile hit in the CODIS Convicted Offender database to the profile of Diane Myers.

A.    The profile was reviewed at the ISP Forensic Science Center at Chicago and "cannot be excluded" (no distinctive notable differences but not enough information to be considered a match) from the profile of Diane Myers.

B.    A fax notification was sent to the Chicago Police Department to notify them of the hit for investigatory purposes.

7.    The CODIS database search in Laboratory Case # C02-53164 did not reveal a "false DNA databank match" as stated in Defendant's subpoenas. It was a legitimate CODIS hit or association that "cannot be excluded."

8.    In an effort to enhance the communication of CODIS hits, the fax process was revised at the ISP Forensic Science Center at Chicago.

A.    Two separate fax forms have been developed for differentiating between case-to-offender database hits and case-to-case database hits.

B.    The word "hit" was changed to "association" on the fax form.

C.    Fax notification for hits that "cannot be excluded" will be sent only after a telephone conversation with the Chicago Police Department.

2

Under penalties as provided by law pursuant to 735 ILCS 5/1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except to matters therein states to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

FURTHER AFFIANT SAYETH NOT.

SUBSCRIBED AND SWORN TO
BEFORE ME THIS 23ʳᵈ DAY OF
_December_____, 2004

OFFICIAL SEAL
ALMA BURKS KEYS
NOTARY PUBLIC STATE OF ILLINOIS
MY COMMISSION EXP. JULY 17,2005

Crystal B. Watson, MPA, BA
Acting Biochemistry Section Chief
Forensic Sciences Command
Illinois State Police

3

## PART IV -- REPRESENTATION

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A) At preliminary hearing _Public Defenders Office 2650 S. California Chgo. IL 60608_

(B) At arraignment and plea _Public Defenders Office 2650 S. California chgo. IL. 60608_

(C) At trial _Jeffrey J. Neslund 150 N. Wacker Dr. suite 2460 Chicago. IL. 60606_

(D) At sentencing _Pro-se_

(E) On appeal _Appellate Defenders Office 203 N. LaSalle St. 24th Flr. chgo. Il. 60601_

(F) In any post-conviction proceeding _N/A_

(G) Other (state): _State Habeas Corpus - Appointed counsel. 2650 S. California chgo. IL 60608_

## PART V -- FUTURE SENTENCE

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES ( )  NO ( ✓ )

Name and location of the court which imposed the sentence: _N/A_

Date and length of sentence to be served in the future _N/A_

WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: _11/30/07_
          (Date)

_____
Signature of attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct.

_Alon'i Walton Sr._
(Signature of petitioner)
_K82099_
(I.D. Number)
_P.O. Box 999, Pinckneyville, IL. 62274_
(Address)

REVISED 01/01/2001