United States District Court
Northern District of Illinois

U.S. Ex rel. Alonje' Walton, Sr. (#K-82099)
(Petitioner,)

vs.

Warden Daniel Austin
(Respondent,)

CASE No. 07C 6954
JUDGE: BLANCHE M. MANNING

FILED
JAN 03 2008
JGN 03 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

ORDER TO SHOW CAUSE

1). Petitioner U.S. Ex Rel. Alonje' Walton, Sr., (#K-82099) Filed His Present Federal Habeas Corpus on December 11, 2007.

2). On December 19, 2007, The Honorable Judge Blanche M. Manning, Sent Petitioner A Docket Entry Text Stating: The Petitioner is Ordered to Show good cause In Writing Why his Petition, should Not be Stayed or Dismissed For Failure to Exhaust State Court Remedies Prior To Seeking Federal Habeas Relief.

3). Petitioner States That He Had Exhausted His State Court Remedies prior To seeking Federal Habeas Relief by State Post-Conviction Procedure (often called Collateral Attack) by Filing A State Habeas Corpus. See Exhibit "A".

4). Petitioner Had Filed A Petition In State Court Using A State Habeas Corpus Filed August 27, 2007, In which Said Petition Was Denied November 9, 2007, To Satisfy The Exhaustion Requirement. See: Exhibit "B". In U.S. ex rel. Castille v. Peoples, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060 (1989) (stating that A claim must be Fairly presented: To The State Courts to meet the Exhaustion Requirement). See Also: U.S. ex rel. Schneider V. Delo, 85 F.3d 335, 339 (8th Cir. 1996) (Federal claim must be stated In State Court).

5). All Claims Raised In Federal Court have been raised AND Exhausted In State Court, AND on November 09, 2007; The Honorable Judge Mary Margaret Brosnahan Denied my Petition For Writ of Habeas Corpus, Etc. See Exhibit "B".

6). By Petitioner Appeal still pending In The Illinois Appellant Court because It wasn't filed until July 13, 2007. Petitioner Sought State Collateral Attack Instead of waiting on His Appeal to go through the Appeals Process. because It might take up to 2yrs. before The Appeal goes thru, AND Petitioner Is Illegally confined In violation of His Fourth (4th) AND Fourteenth (14th) Amendment Rights. See: Daye v. Attorney General, 696 F. 2d 186, 190 N.3 (2d Cir. 1982) ("A Petitioner Need Not give the State Court System more than one Full opportunity to Rule on his claims; If he has presented his claims to the highest State Court on Direct Appeal he Need Not seek State Collateral Relief.").

WHEREFORE, Petitioner Alonje' Walton, Sr., (#K-82099) States That Petitioner Petition Should Not be Stayed or Dismissed For Failure To exhaust State Court Remedies Because He Exhausted His State Court Remedies.

Dated: December 24, 2007

Respectfully Submitted;
Alonje Walton, Sr. I.D.# K82099

Alonje' Walton Sr. I.D.# K82099
P.O. Box 999
Pinckneyville, IL 62274

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS       Page 013

PEOPLE OF THE STATE OF ILLINOIS

                        VS              NUMBER 03CR2208101

ALONJE      WALTON

*Exhibit 4 11*

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION

```
09/25/06 MOTION DEFT - CONTINUANCE - MD         10/19/06
    EGAN, JAMES D.
10/19/06 DEFENDANT IN CUSTODY                   00/00/00
    EGAN, JAMES D.
10/19/06 DEF SENTENCED ILLINOIS DOC     C001    00/00/00
            10 YRS
    EGAN, JAMES D.
10/19/06 DEF SENTENCED ILLINOIS DOC     C005    00/00/00
            5 YRS
    EGAN, JAMES D.
10/19/06 SENTENCE TO RUN CONSECUTIVE            00/00/00
    EGAN, JAMES D.
10/19/06 CREDIT DEFENDANT FOR TIME SERV
        1,096 DAYS
    EGAN, JAMES D.
10/19/06 DEF ADVISED OF RIGHT TO APPEAL         00/00/00
    EGAN, JAMES D.
10/19/06 WARRANT QUASHED                        00/00/00
    EGAN, JAMES D.
10/19/06 BLOOD TEST ORDERED                     00/00/00  F      1
    EGAN, JAMES D.
10/19/06 NOLLE PROSEQUI                 C003    00/00/00
    EGAN, JAMES D.
10/19/06 NOLLE PROSEQUI                 C004    00/00/00
    EGAN, JAMES D.
10/19/06 LESSER INCLUDED OFFENSE MERGED C002    00/00/00
        COUNT 6 INTO CT. 5
    EGAN, JAMES D.
10/19/06 TRANSCRIPT RECEIVED AND FILED          00/00/00
    EGAN, JAMES D.
10/19/06 CHANGE PRIORITY STATUS         M       00/00/00
    EGAN, JAMES D.
10/19/06 RECALL/EXEC SENT TO POLICE AGY         00/00/00
10/19/06 NOTICE OF APPEAL FILED, TRNSFR         09/01/05
07/10/07 NOTICE OF NOTICE OF APP MAILED         00/00/00
07/10/07 HEARING DATE ASSIGNED                  07/13/07 1713
07/13/07 ILL STATE APPELLATE DEF APPTD          00/00/00
```

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS        Page 014

PEOPLE OF THE STATE OF ILLINOIS

                VS           NUMBER 03CR2208101

ALONJE        WALTON

*Exhibit "A"*

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
```
07/13/07 O/C FREE REPT OF PROCD ORD N/C          00/00/00
07/17/07 COMMON LAW RECORD PREPARED              00/00/00 07-1922
         TWO VOLUMES CLR
07/17/07 APPELLATE COURT NUMBER ASGND            00/00/00 07-1922
07/24/07 CLR RECD BY APP COUNSEL                 00/00/00 07-1922
         STATE APPELLATE DEFENDER - TWO VOLUMES
08/07/07 REPT OF PRCDS ORD FR CRT RPT            00/00/00
09/07/07 SPECIAL ORDER                           00/00/00 F       2
         APPT OF COUNSEL
09/07/07 MOTION FOR WRIT OF HABEAS CORP          00/00/00 F       2
09/07/07 HEARING DATE ASSIGNED                   09/12/07 1707
09/12/07 CONTINUANCE BY ORDER OF COURT           09/26/07
         HIGGINS-GRANT ROSEMARY
09/18/07 SUPPLEMENTAL CLR PREPARED               00/00/00 07-1922
         ONE VOLUME
09/24/07 SUPPL REC RECD BY APPL COUNSEL          00/00/00 07-1922
         STATE APPELLATE DEFENDER - ONE VOLUME
09/26/07 DEFENDANT NOT IN COURT                  00/00/00
         BROSNAHAN, MARY MARGARET
09/26/07 CONTINUANCE BY ORDER OF COURT           10/24/07
         BROSNAHAN, MARY MARGARET
09/26/07 SUPPLEMENTAL CLR PREPARED               00/00/00 07-1922
         ONE VOLUME SUPPLEMENTAL OF CERTAIN DOCUMENTS
10/02/07 SUPPL REC RECD BY APPL COUNSEL          00/00/00 07-1922
         STATE APPELLATE DEFENDER - ONE VOLUME
10/24/07 CONTINUANCE BY ORDER OF COURT           10/26/07
         BROSNAHAN, MARY MARGARET
10/26/07 CONTINUANCE BY ORDER OF COURT           11/09/07
         BROSNAHAN, MARY MARGARET
11/09/07 HABEAS CORPUS PETITION DENIED           00/00/00
         BROSNAHAN, MARY MARGARET
11/09/07 SPECIAL ORDER                           00/00/00
         WRITTEN ORDER ENTERED, CLERK TO NOTIFY
         BROSNAHAN, MARY MARGARET
```

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS       Page 015

PEOPLE OF THE STATE OF ILLINOIS

        VS        NUMBER 03CR2208101    Exhibit

ALONJE    WALTON                                   "A"

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION

I hereby certify that the foregoing has been entered of record on the above captioned case.
Date 11/29/07

_____
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT OF COOK COUNTY

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT

mkc @ copies

Criminal Division
2650 South California Avenue
Room 526
Chicago, Illinois 60608
(773) 869-3147
FAX (773) 869-4444
www.cookcountyclerkofcourt.org

## OFFICE OF THE CLERK OF THE CIRCUIT COURT OF COOK COUNTY

November 16, 2007

Exhibit "B"

Alonje Walton #K-82099
Western IL C.C.
R.R. 4 Box 196
Mt. Sterling, IL 62353

Dear Alonje Walter:

RE:   Case Number 03CR22081-01

Please be advised that on 11/09/07, the Honorable Judge Mary Margaret Brosnahan denied your motion for Writ of Habeas Corpus, etc. Attached is an Order signed by Judge Brosnahan with the ruling.

If you have additional questions regarding this ruling, please contact your attorney, or the public defender.

Office of the Public Defender, Cook County
2650 South California Avenue
7th Floor
Chicago, IL 60608
(773) 869-3222

Sincerely,
**Dorothy Brown**
Clerk of the Circuit Court of Cook County, Illinois



By: _____ Deputy Clerk
CCCR EF18-2/19/2007. Motion Denied Letter.

### MISSION STATEMENT

The mission of the office of the Clerk of the Circuit Court of Cook County is to serve the citizens of Cook County and the participants in the judicial system in a timely, efficient and ethical manner. All services, information and court records will be provided with courtesy and cost efficiency.

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CRIMINAL DIVISION

| | |
|---|---|
| ALONJE' WALTON SR., ) | |
| ) | |
| Petitioner, ) | Exhibit |
| ) | "B" |
| ) | |
| ) | *Habeas Corpus* |
| v. ) | 03 CR 22081 |
| ) | |
| ) | |
| ) | |
| J.R. WALLS, ) | |
| ) | |
| Respondent. ) | |

### ORDER

On October 19, 2006, following a bench trial, petitioner was found guilty of aggravated criminal sexual assault and aggravated kidnapping in violation of Sections 12-14 and 10-2 of the Illinois Criminal Code. 725 ILCS 5/12-14 (A)(1) & 10-2 (A)(5) (West 2002). Petitioner was subsequently sentenced to a term of 15 years imprisonment. On August 27, 2007, petitioner filed with this court, a Petition for Writ of *Habeas Corpus*, in which he alleges that (1) the State failed to disclose exculpatory evidence in violation of *Brady v. Maryland*; (2) his arrest was illegal; (3) his buccal swab was obtained illegally; (4) he was not read his *Miranda* rights prior to being questioned by the police; and (5) he was denied his right to the effective assistance of trial counsel.

Exhibit "B"

## ANALYSIS

The essence of a petition for writ of *habeas corpus* is that an individual is being illegally detained. Therefore, actual physical restraint is required to file a petition for *habeas corpus*. *Creek v. Clark*, 88 Ill. 2d 54, 429 N.E.2d 1199 (1981). The purpose of *habeas corpus* is to secure the release of a prisoner detained by an order of court which is absolutely void by reason of lack of jurisdiction over the person of the defendant, or the subject matter, or where something has occurred since the incarceration of the prisoner which would entitle that person to his release. *People ex rel. Skinner v. Randolph*, 35 Ill. 2d 589, 221 N.E. 2d 279, 280 (1966).

*Habeas corpus* relief is not available for claims that are not jurisdictional in nature, even if the alleged deprivations are based on constitutional rights. *People ex rel. Shelley v. Frye*, 42 Ill. 2d 263, 246 N.E.2d 251 (1969). A petition for writ of *habeas corpus* may not be used to review proceedings that do not exhibit one of the defects set forth in section 10-124 of the Code of Civil Procedure (735 ILCs 5/10-124 (West 2006), even if an alleged error involves a denial of constitutional rights. *Barney v. Prisoner Review Board*, 184 Ill. 2d 428, 430, 704 N.E.2d 350, 351 (1998)

Section 10-124 of the Code provides as follows:

"If it appears that the prisoner is in custody by virtue of process from any court legally constituted, he or she may be discharged only for one or more of the following causes:

1. Where the court has exceeded the limit of its jurisdiction, either as to the matter, place, or person.

2. Where, though the original imprisonment was lawful, nevertheless, by some act, omission, or event which has subsequently taken place, the party has become entitled to be discharged.

2

3. Where the process is defective in some substantial form required by law.

4. Where the process, though in proper form, has been issued in a case or under circumstances where the law does not allow process to issue or orders to be entered for imprisonment or arrest.

5. Where, although in proper form, the process has been issued in a case or under circumstances unauthorized to issue or execute the same, or where the person having the custody of the prisoner under such process is not the person empowered by law to detain him or her.

6. Where the process appears to have been obtained by false pretense or bribery.

7. Where there is no general law, nor any judgment or order of a court to authorize the process in a civil action, nor any conviction if in a criminal proceeding. No court, on the return of a *habeas corpus*, shall, in any other matter, inquire into the legality or justice of a judgment of a court legally constituted." See 735 ILCS 5/10-124 (West 2007).

Thus, *habeas corpus* relief is appropriate only where the trial court lacked jurisdiction or where some occurrence has taken place after the prisoner's conviction that entitles him to release. *Adcock v. Snyder*, 345 Ill. App. 3d 1095, 1097-98, 804 N.E.2d 141, 144 (2004). A *habeas corpus* petition is not an appropriate means of addressing nonjurisdictional claims. *Watkins v. Page*, 322 Ill. App. 3d 300, 304, 751 N.E.2d 1200, 1203 (2001). "Under *habeas corpus*, the sole remedy is a prisoner's immediate discharge from custody." *Guzzo v. Snyder*, 326 Ill. App. 3d 1058, 1064, 762 N.E.2d 663, 669 (2001).

In the instant case, based on the specific allegations of the petition, the petitioner has not set forth a meritorious *habeas corpus* claim. His petition raises claims that are only constitutional in nature. *Habeas corpus* is not an available remedy to review errors of a nonjurisdictional nature. *People ex rel. Harper v. Brantley*, 34 Ill. App. 3d 807, 809,

3

Exhibit "B"

341 N.E.2d 126 (1975). Additionally, nothing in the petition alleges a claim that he is otherwise entitled to a discharge. See *People ex rel. Johnson v. Pate*, 47 Ill. 2d 172, 174, 265 N.E.2d 144 (1970). (*habeas corpus* is not available to a defendant not entitled to a final discharge). Accordingly, his petition does not allege any facts that would allow for *habeas corpus* relief.

## CONCLUSION

Based upon the foregoing discussion, the court further finds that the issues raised and presented by petitioner are not contemplated by the *habeas corpus* section of the Illinois Code of Civil Procedure. Accordingly, the petition for *habeas corpus* relief is hereby dismissed.

ENTERED: _____

Judge Mary-Margaret Brosnahan
Circuit Court of Cook County
Criminal Division

DATED: 11-9-07



ENTERED
JUDGE MARY MARGARET BROSNAHAN-1831
NOV 09 2007
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

4

United States District Court
Northern District of Illinois

U.S. ex rel. Alonje' Walton, Sr. (#K-82099)
(Petitioner,)

Case No. 07 C 6954
Judge: BLANCHE M. MANNING

vs.

Warden Daniel Austin
(Respondent,)

**Proof/Certificate of Service**

TO: Michael W. Dobbins-Clerk
Prisoner Correspondence Office
219 South Dearborn Street
Chicago, IL. 60604

From: Alonje' Walton Sr. (#K-82099)
P.O. Box 999
Pinckneyville, IL. 62274

Please take notice that on December 25, 2007, I have placed the documents listed below in the Institutional Mail at Pinckneyville Illinois Correctional Center, properly addressed to the party/parties list above for mailing through the United States Postal Service: Three (3) copies of Order to Show Cause with Exhibits (A) & (B).

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

Date: December 25, 2007

/s/ Alonje' Walton Sr. #K-82099
Alonje' Walton Sr.
K82099
Pinckneyville, IL. Corr. Center
P.O. Box 999
Pinckneyville, IL. 62274