# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | BLANCHE M. MANNING | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6954 | **DATE** | January 18, 2008 |
| **CASE TITLE** | U.S. ex rel. Alonje Walton Sr. (#K-82099) vs. Warden Daniel Austin | | |

**DOCKET ENTRY TEXT:**

This case is stayed pending disposition of ongoing state court proceedings relating to the petitioner's direct appeal and collateral attack of his conviction. The respondent need not answer the petition or otherwise plead at this time; the respondent need only enter an appearance within twenty-one days of the date of this order. The petitioner's motion for appointment of counsel [#4] is denied as premature.

■ [**For further details see text below.**]　　Docketing to mail notices.

## STATEMENT

　　Alonje Walton, a state prisoner, brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges his convictions for aggravated criminal sexual assault and kidnapping on the grounds that: (1) there is newly discovered, exculpatory evidence; (2) he was arrested without a warrant or probable cause; (3) the police conducted an illegal search and seizure in uncovering evidence against him; and (4) the petitioner's defense counsel was ineffective.

　　By Minute Order of December 19, 2007, the court granted the petitioner's motion for leave to proceed *in forma pauperis* but ordered him to show good cause in writing why the petition should not be stayed or summarily dismissed for failure to exhaust state court remedies prior to filing suit. In response, the petitioner argues that he satisfied the exhaustion requirement by filing a habeas petition state court.

　　The petitioner is mistaken that a ruling by the lower state court constitutes exhaustion. As discussed more fully in the court's prior order, an inmate who seeks to challenge a state conviction under 28 U.S.C. § 2254 must first exhaust his state court remedies as to all his claims. *See Rose v. Lundy*, 455 U.S. 509 (1982). "Fair presentment . . . requires the petitioner to assert his federal claim through **one complete round of state-court review**, either on direct appeal of his conviction or in post-conviction proceedings." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)) (emphasis added).
**(CONTINUED)**

mjm

**STATEMENT (continued)**

In this case, the petitioner concedes that both his direct appeal and the denial of his state habeas petition are still pending. Consequently, this case is stayed pending disposition of the ongoing state appellate proceedings. The petitioner is directed to file a status report by June 1, 2007, notifying the court as to the posture of the state court cases.

The respondent need only enter an appearance at this time. The respondent will be directed to answer the petition or otherwise plead after the stay of the case has been lifted. This preliminary order does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness arguments it may wish to present.

The petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The petitioner must provide the court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed. In addition, the petitioner must send an exact copy of any court filing to the Chief, Criminal Appeals Division, Attorney General's Office, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by the petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the petitioner.

Finally, the petitioner's motion for appointment of counsel is denied at this time as premature. Counsel must be appointed in a habeas corpus proceeding only if an evidentiary hearing is needed or if interests of justice so require. *See* Rule 8(c), Rules Governing Section 2254 Cases. Whether the interests of justice require appointment of counsel in this case cannot be determined until after the court has had an opportunity to review and consider the respondent's answer to the petition.